UNITED STATES of America,
Appellant,

v.

DIXIELINE FINANCIAL, INC.,
Appellee.

No. 76–3155.

United States Court of Appeals,
Ninth Circuit.

April 11, 1979.

Jonathan S. Cohen, Daniel F. Ross, Washington, D. C., for appellant.

Edward L. Kane, Haskins, Lewis, Nugent & Newham, La Jolla, Cal., for appellee.

Before MERRILL and HUG, Circuit Judges, and BOHANON,* District Judge.

MERRILL, Circuit Judge.

Section 3505(b) of the Internal Revenue Code of 1954 (the Code), 26 U.S.C. § 3505(b),[1] imposes liability on one who supplies funds to an employer to enable him to meet a payroll, knowing that the employer does not intend to, or will be unable to pay the taxes required to be withheld and paid to the government. The liability imposed is equal to the amount of tax due and

---

* Hon. Luther L. Bohanon, Senior United States District Judge for the District of Oklahoma, sitting by designation.

1. "(b) Personal liability where funds are supplied.—If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge (within the meaning of section 6323(i)(1)) that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose."

**1312**

unpaid. The Code, § 6501(a), requires that "the amount of any tax imposed by this title shall be assessed within 3 [three] years after the return was filed * * * and no proceeding in court without assessment for the collection of such tax shall be begun after expiration of such period."

The question presented here is whether § 6501(a) applies to the liability created by § 3505(b) and requires, as a condition to suit, that that liability be assessed within three years against the supplier of funds.[2]

Appellee, Dixieline Financial, Inc. (the supplier), in 1970 loaned money to Framing Systems, Inc. (the employer). The latter company filed its Employer's Quarterly Federal Income Tax Returns for the third and fourth quarters of 1970 but failed to pay the amount of taxes withheld from wages when due. Timely assessments of the withholding taxes due were made against the employer. On April 24, 1975, the United States brought suit against Dixieline as supplier under § 3505(b), alleging that the funds supplied by it were for the specific purpose of paying wages and that the supplier was aware of the fact that the employer would not, or did not intend to, make timely deposits of the withholding taxes. No assessment of such liability was made against the supplier. The supplier moved for summary judgment, contending that § 6501(a) applied to the liability created by § 3505(b) and that the failure timely to assess the liability against it barred suit. The United States opposed the motion, contending that the assessment of the tax against the employer met the requirements of § 6501(a) and that the liability of the supplier need not be independently assessed

against it. The district court held that assessment against Dixieline as supplier was required and that the suit was barred by failure to assess within the period of three years. Summary judgment was entered in favor of Dixieline and the government has taken this appeal. We reverse.

 Assessment of tax as defined consists of no more than the ascertainment of the amount due and the formal entry of that amount on the books of the secretary. *See Rambo v. United States,* 492 F.2d 1060 (6th Cir. 1974), *cert. denied* 423 U.S. 1091, 96 S.Ct. 886, 47 L.Ed.2d 103 (1976); *Cohen v. Gross,* 316 F.2d 521 (3rd Cir. 1963).[3] As was stated by the court in *United States v. Walker,* 217 F.Supp. 888, 890 (W.D.S.C. 1963); "The Commissioner is required to assess the tax * * * rather than assess the taxpayer." Here, when the assessment against the employer was made, the amount of the only sum in question was ascertained and was entered. Section 3505 does not require the supplier to file a withholding return. The legislative history is explicit on this point. H.R.Rep.No.1884, 89th Cong., 2d Sess. 66; [1966] U.S.Code Cong. & Admin. News., pp. 3722, 3742. Section 3505(b) does not impose a tax on the supplier the amount of which remains to be ascertained. Nor does it impose a penalty in addition to the tax the amount of which must be fixed. It imposes a liability "in a sum equal to the taxes" due from the employer, these taxes having already been ascertained as to amount and assessed by entry. Further independent assessment would accomplish nothing.

2. Section 6502(a)(1) prescribes a six-year period of limitations for collection of tax by levy or suit, such period running from the assessment of the tax. The government, in opening brief, states that the question presented by its appeal is which of the two statutes of limitations—§ 6501(a) or § 6502(a)(1)—applies to actions brought to recover on the liability imposed by § 3505(b). In our view the question presented is narrower and is as we have stated. If the district court erroneously held the suit to be time barred under an inapplicable statute the dismissal must be vacated and the case must go forward. However, ascertain-

ment of the statute of limitations that does properly apply can await a case where the question is presented.

3. § 6203. "Method of assessment

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate in accordance with rules or regulations prescribed by the Secretary or his delegate. Upon request of the taxpayer, the Secretary or his delegate shall furnish the taxpayer a copy of the record of the assessment."

Dixieline argues that *Bloom v. United States,* 272 F.2d 215 (9th Cir. 1960), supports the district court decision. That case, however, is distinguishable. It involved the duty of the employer to withhold and pay tax due from the employees and the liability of the president of the employer for the willful failure to pay the withholding taxes due. The court quoted from § 2707(a) of the Internal Revenue Code of 1939 (a similar provision is now covered by 26 U.S.C. § 6672). It stated: "While this liability is denominated 'penalty,' it is 'to be assessed and collected in the same manner as taxes are assessed and collected.'" 272 F.2d at 221. The Code in many other instances where penalties are imposed makes the same express provision respecting assessment. *See, e. g.,* 26 U.S.C. §§ 6671–75, 6206, 6901. In most instances the penalty remains to be fixed and is in addition to the tax due. Assessment plays a useful role in such cases. No such role is played here and the code does not provide for independent assessment of the § 3505(b) liability against the supplier.

Dixieline protests that without requiring this liability to be assessed against it, it would not have due notice of the fact that the government is looking to it for payment. This is not so. 26 U.S.C. § 6303 requires that notice of the assessment be given within 60 days "to each person liable for the unpaid tax." If Dixieline was not given notice of the assessment against the employer of the tax for which it is being held liable, then the case may present a question as to the consequences that flow from that fact.[4] However, dismissal by the district court was not based on failure to give notice but on failure to assess against Dixieline a tax already assessed against the employer.

We conclude that the assessment of the tax against Framing Systems, the employer, met the requirements of § 6501(a); no assessment of the § 3505(b) liability of Dixieline was required.

Summary judgment is reversed. The case is remanded for further proceedings.

---

4. The government contends, citing authority, that failure to give notice does not void the assessment; that while it may preclude collec-tion by levy, recovery by suit is still available. As we note, however, this question is not presented here.