UNITED STATES of America, Plaintiff,

v.

The FIRST NATIONAL BANK OF CARBONDALE, Defendant.

Civ. A. No. 79–497.

United States District Court,
M. D. Pennsylvania.

March 28, 1980.

52

Joseph F. Cimini, Asst. U. S. Atty, Scranton, Pa., Francis G. Hertz, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D.C., Carlon M. O'Malley, U. S. Atty., Scranton, Pa., for plaintiff.

Gene Goldenziel, Needle & Goldenziel, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This action is currently before the Court on Defendant First National Bank of Carbondale's (Bank) Motion for Summary Judgment. The Bank seeks summary judgment in its favor on the United States' claim for the tax obligation due for the last quarter of 1972, on the basis that the U.S. violated the applicable Statute of Limitations in commencing its action on that claim.

The government opposes the Motion on the ground that the action was timely instituted. Because we find that the action was brought within the statutory period, the Plaintiff's Motion for Summary Judgment will be denied.

The United States filed this action on April 20, 1979, seeking to collect the liability imposed by 26 U.S.C.A. § 3505(b) which provides:

(b) Personal liability where funds are supplied. If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge (within the meaning of section 6323(i)(1) that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.

The United States seeks to recover from the Bank under this section, alleging that the Bank transferred funds to the Fab-Weld Corporation for the specific purpose of paying wages of its employees with actual notice or knowledge that the Corporation did not intend to or would not be able to make timely payment of taxes withheld from its employees' wages.

The corporation filed a timely Employer's Quarterly Federal Tax Return for the last quarter of 1972 during the first quarter of 1973, and reported withheld but unpaid taxes on its employees' wages in the amount of $57,967.69. The unpaid liability was assessed by the Secretary of the Treasury on April 23, 1973.

The procedure for the payment of this § 3505(b) liability by a lender is set forth in

Treas. Reg. § 31.3505–1(d)(1) (1976). That regulation then provides:

> In the event the lender, surety or other person does not satisfy the liability imposed by § 3505 the United States may collect the liability by appropriate civil proceeding, commenced within six (6) years after the assessment of the tax against the employer.

Therefore, since the assessment against the taxpayer was made on April 23, 1973,[1] and this action was commenced on April 20, 1979, within the six-year period, the action is not barred by the Statute of Limitations.

Plaintiff Bank contends that since it received no notice of this assessment the action was not validly instituted under 26 U.S.C. § 6501.[2] However, the taxpayer was assessed well within the three-year period after the return was filed, and Treas.Reg. § 31.3505–1 merely requires that the action be brought within six years after the assessment of the tax against the employer. There is no statutory requirement in Section 3505 of a separate assessment against the lender or supplier of funds. Recent cases have imposed no such requirement.[3]

Therefore the Plaintiff's Motion for Summary Judgment will be denied.

---

1. 26 U.S.C. § 6203 provides that assessment is made by recording the liability of the taxpayer in the office of the Secretary or his delegate. Upon request, a copy of the record of the assessment will be furnished to the taxpayer.

2. § 6501(a): General Rule. Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed, . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

3. See *U. S. v. Dixieline Financial, Inc.*, 594 F.2d 1311 (9th Cir., 1979); *U. S. v. Swindell-Dressler Co.*, No. 77–743 (W.D.Pa., June 21, 1979) and *U. S. v. Coconut Grove Bank* (S.D.Fla., Jan. 31, 1975) [1975] Stand.Fed.Tax Rep., U.S. Tax Cases, ' 9227.