**UNITED STATES of America, Plaintiff,**

v.

**MARINE MIDLAND BANK, Defendant.**

**No. CIV–77–450C.**

United States District Court,
W. D. New York.

April 22, 1982.

Roger P. Williams, U. S. Atty., Buffalo, N. Y. (Steven Lyons, Tax Div., Dept. of Justice, Washington, D. C., of counsel), for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y. (John Lang, Buffalo, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

This is a civil action brought by the government against defendant Marine Midland Bank to recover payments for withholding and FICA taxes. Marine Midland Bank [Marine] seeks summary judgment on the ground that the government has failed to commence this action within the applicable statutory period of time.

This suit evolves from the bankruptcy of Paper Tubes, Inc. Paper Tubes borrowed money from Marine which the government alleges was used to pay Paper Tube employees. Paper Tubes filed quarterly returns for withholding and FICA taxes for the fourth quarter of 1971 and the first quarter of 1972, but the corporation failed to make the requisite payments due to its subsequent bankruptcy. The government believes that under 26 U.S.C. § 3505(b)[1] it

---

1. Internal Revenue Code of 1954, 26 U.S.C. § 3505, Liability of Third Parties Paying or Providing for Wages, states in pertinent part:

(b) *Personal Liability Where Funds Are Supplied.*—If a lender, surety or other person supplies funds to or for the account of an employer for the specific purpose of paying

may look to Marine as lender of the funds to Paper Tubes for Paper Tubes' unpaid employer contributions if the government can prove certain facts concerning Paper Tubes' knowledge and use of the borrowed funds.

The government contends that in order to sue Marine for Paper Tubes' contribution under section 3505(b), the government must first have assessed Paper Tubes for this contribution within the three-year statute of limitations prescribed in Internal Revenue Code § 6501(a).[2] The parties agree that Paper Tubes was assessed in 1972 within the section 6501(a) statute of limitations. It should be noted here that an assessment of taxes consists of no more than the ascertainment of the amount due and the formal entry of this amount on the books of the Secretary. *United States v. Dixieline Financial, Inc.*, 594 F.2d 1311, 1312 (9th Cir. 1979).

After having made this assessment, the government contends that it has six years of time under Internal Revenue Code § 6502[3] and Treasury Regulation 26 CFR § 31.3505(1)(d)(1)[4] to bring an "appropriate civil action" to recover the employment taxes from the lender if the lender voluntarily refuses to pay. Since this suit was commenced on August 12, 1977, the government contends that this suit has been timely brought within the six-year statute of limitations.

Marine attacks this argument on several grounds. First, Marine argues that it was never assessed for Paper Tubes' employer contribution. Defendant claims that because the bank was never assessed, the government cannot look to Marine for payment because the three-year statute of limitations under section 6501(a) has expired. Similarly, the bank argues that the six-year statute of limitations under section 6502 cannot be applied here since the bank was never assessed separately from Paper Tubes.

The bank next argues that because it did not receive notice under Internal Revenue

wages of the employees of such employer, with actual notice or knowledge (within the meaning of section 6323(i)(1)) that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.

2.  26 U.S.C. § 6501(a) states in pertinent part: LIMITATIONS ON ASSESSMENT AND COLLECTION.
    (a) *General Rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection

of such tax shall be begun after the expiration of such period.

3.  26 U.S.C. § 6502(a) states in pertinent part: COLLECTION AFTER ASSESSMENT.
    (a) *Length of Period.*—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, only if the levy is made or the proceeding begun—
    (1) within 6 years after the assessment of the tax . . . .

4.  Treasury Regulations on Employment Tax (1954 Code), 26 CFR § 31.3505–1, Liability of third parties paying or providing for wages, states in pertinent part:
    (d) Payment of *taxes and interest.*—
    (1) *Procedure for payment.* A lender, surety, or other person may satisfy the personal liability imposed upon him by section 3505 by executing Form 4219 and filing it, accompanied by payment of the amount of tax and interest due the United States in accordance with the instructions for the form. In the event the lender, surety, or other person does not satisfy the liability imposed by section 3505, the United States may collect the liability by appropriate civil proceeding commenced within 6 years after assessment of the tax against the employer.

Code § 6303[5] of its alleged section 3505(b) liability, the government cannot use Paper Tubes' assessment as a means to sue the bank under the six-year statute of limitations. In this respect, the bank also contends that Treasury Regulation 31.3505–1(d)(1) is invalid due to the need for a separate assessment against the bank and its prejudicial six-year statute of limitations. Finally, the bank attempts to demonstrate that section 3505(b) is actually a penalty tax, and therefore, the appropriate statute of limitations should be 28 U.S.C. § 2462,[6] which prescribes a five-year statute of limitations on actions.

### I. Assessment

■ Decisional law interpreting whether a separate assessment is necessary for a lender such as the defendant in this type of action does not support Marine's theories. The court in *United States v. Dixieland Financial, Inc., supra* at 1313, stated in no uncertain terms that once an employer had been assessed within the three-year statute of limitations (§ 6501(a)), no further assessment was necessary against the lender: "Further assessment would accomplish nothing." Most recently in *United States v. First National Bank Circle*, 652 F.2d 882, 889 (9th Cir. 1981), the court stated that:

> [t]he argument that no assessment was made within the three year limitation period against the Bank, the alleged supplier of funds under Section 3505(b), is frivolous inasmuch as the Code requires no separate assessment under Section 3505 against a supplier [*e.g.*, lender].

Given these clear statements of the law, Marine's contrary arguments are not persuasive.

### II. Notice

■ Marine claims that the bank was required to have notice of the assessment within 60 days after the making of the assessment, as provided by Internal Revenue Code § 6303. The government contends that the notice requirement of section 6303 is used for levy and distraint actions, and this case is distinguishable because it is a "civil action," and therefore, the notice requirement is unnecessary. Since courts have determined that a separate assessment for lenders is unnecessary under section 3505(b), clearly the bank cannot demand notice of this separate assessment.

Concerning the assessment of Paper Tubes, the court in *United States v. Carbondale National Bank*, 499 F.Supp. 51 (W.D.Pa.1980), ruled that notice to a lender in a section 3505(b) action was not necessary. In that case, the court noted that the bank had received no notice of the original assessment against the employer and that the bank contended that the government's suit was not validly instituted under Internal Revenue Code § 6051 (which contains a three-year statute of limitations). The court rejected these arguments stating:

> the taxpayer was assessed well within the three-year period after the return was filed, and Treas.Reg. § 31.3505–1 merely requires that the action be brought with-

---

**5.** 26 U.S.C. § 6303 states in pertinent part:
NOTICE AND DEMAND FOR TAX.
(a) *General Rule.*—Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
(b) *Assessment Prior to Last Date for Payment.*—Except where the Secretary believes collection would be jeopardized by delay, if any tax is assessed prior to the last date

prescribed for payment of such tax, payment of such tax shall not be demanded under subsection (a) until after such date.

**6.** 28 U.S.C. § 2462 states:
*Time for commencing proceedings*
Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

in six years after the assessment of the tax against the employer.

*Id.* at 53.

Marine argues that the "notice" in *Carbondale* was not the same notice as found in section 6303 and that the *Carbondale* bank never raised section 6303 as a possible defense. The government counters this by including defendant Carbondale's brief in their pleadings to demonstrate that section 6303 was in fact raised by the defendant and impliedly rejected by the court. In any event, this court does not find any authority for notice pursuant to section 6303 to be given to a lender in order for the government to timely institute a section 3505(b) action. Rather, Treasury Regulation 31.-3505–1(d)(1) only requires that the action be brought within six years after the assessment of the tax against the employer.

### III. Treasury Regulation § 31.3505–1(a)(1)

Marine argues that Treasury Regulation § 31.3505–1(d)(1) should be invalidated by this court as unreasonable and inconsistent with the Internal Revenue Code. The basis of the defendant's argument lies in the six-year statute of limitations defined in the regulation. Marine believes that the length of time which has passed since the Paper Tubes bankruptcy and the resulting possible unavailability of witnesses places a burden on their defense to this action. Yet, the United States Supreme Court has stated that Treasury regulations should not be overruled except for "weighty reasons." *Commissioner of Internal Revenue v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948), and since this suit was commenced in 1977, some of the consequences arising from the passage of time must be attributed to the defendant. On balance, the weighty reasons necessary for overruling this regulation are lacking here.

### IV. Section 3505(b) as a Penalty Tax

■ Finally, in the alternative, Marine argues that 28 U.S.C. § 2462, which requires a five-year statute of limitations, should be applied in this case. Section 2462 applies to the "collections of fines, penalties and forfeitures," and Marine contends that any section 3505(b) liability should be construed as such. Although the court in *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181 (10th Cir. 1980), made mention in passing of section 3505(b) as a penalty, it is clearly not a penalty under 28 U.S.C. § 2462. It "imposes a liability in the sum equal to the taxes due from the employer." It does not "impose a penalty in addition to the amount which remains fixed." *United States v. Dixieland Financial, Inc., supra* at 1312. The legislative history of 26 U.S.C. § 3505(b) demonstrates that the statute was enacted to transfer tax liability from the employer to the lender if certain facts can be shown. This is not a forfeiture, and the statute does not impose fines. *See* Sen. Rep.No.1708, 89th Cong., 2d Sess. 1966; U.S.Code & Admin.News, p. 3742–3744. All tax liabilities may be construed by some to be penalties to one degree or another, but this does not necessarily bring them within the meaning of penalties, fines, and forfeitures under 28 U.S.C. § 2462.

For the foregoing reasons, I find that the plaintiff filed this action within the six-year statute of limitations of 26 U.S.C. § 6502 and 26 CFR § 31–3505–1(d)(1). Therefore, defendant's motion for summary judgment based upon the government's failure to commence this action within the applicable statutory period of time must be denied.

So ordered.