**IN THE UNITED STATE COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-11328
_____

WILLIAM P. REMINGTON,

                    Plaintiff-Counter Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

                    Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____
April 13, 2000
Before WIENER and STEWART, Circuit Judges.[1]

WIENER, Circuit Judge:

This appeal presents the question whether Texas state partnership law is preempted by 26 U.S.C. §§ 6671-72, two sections of the Internal Revenue Code ("I.R.C.") that govern the assessment and collection of penalties for an employer's failure to withhold and remit taxes from employees' wages.[2]  Finding no conflict

---

[1]Judge John M. Shaw, District Judge of the Western District of Louisiana, was a member of the panel that heard oral arguments but because of his death on December 24, 1999, he did not participate in this decision.  This case is being decided by quorum.  28 U.S.C. § 46(d).

[2]Several provisions of the I.R.C. require employers to collect taxes from their employees.  The most significant are I.R.C. §§ 3102(a) (FICA) and 3402(a) (federal income tax).  The withheld sums are commonly referred to as "trust fund taxes" because such

between the state and federal laws and no congressional intent to preempt state partnership law, we conclude that the state law has not been preempted. The judgment of the district court is therefore affirmed.

## I.

### FACTS & PROCEEDINGS

Plaintiff-Appellant William P. Remington was a partner in the law firm Paxton, Barriball & Remington, a Texas general partnership (the "partnership"). In 1986, Remington discovered that employment tax returns (Form 941) had not been prepared and submitted when due and that the related trust fund taxes had not been paid. He hired a certified public accountant to prepare the returns which Remington then signed and submitted. He did not, though, pay the tax liability. Consequently, the IRS assessed the taxes and filed liens against the partnership and against Remington "as [a] general partner."

After the IRS levied on Remington's property to satisfy its lien, he filed suit for wrongful levy. The IRS counterclaimed, seeking to collect from Remington the remainder of the trust fund taxes owed by the partnership. The parties filed cross-motions for summary judgment, after which the district court granted the government's and denied Remington's. Remington timely appealed.

---

collected sums are deemed to be a "special fund in trust for the United States." I.R.C. § 7501(a); see also Slodov v. United States, 436 U.S. 238, 242-43 (1979).

**II.**

**ANALYSIS**

A. <u>Jurisdiction</u>

We have jurisdiction over appeals from final judgments of the district court pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment <u>de novo</u>.[3] Summary judgment is appropriate when the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to judgement as a matter of law.[4] This appeal presents questions of law only; there are no genuine disputes of material fact.

B. <u>Preemption</u>

Remington insists that the IRS cannot proceed against a general partner under state partnership law to collect federal taxes that a partnership should have but did not withhold from employees' wages and remit to the IRS. More specifically, Remington argues that, taken together, I.R.C. §§ 6671(b) and 6672(a) are incompatible with, and therefore preempt, the provision of the Texas Uniform Partnership Act that makes partners jointly and severally liable for the debts of the partnership. Remington concludes that when the IRS seeks to collect a partnership's

---

[3]<u>See</u> <u>Estate of Bonner v. United States</u>, 84 F.3d 196 (5th Cir.1996).

[4]<u>See</u> FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

3

payroll-related tax debt from a partner, its exclusive remedy is the one set forth in I.R.C. § 6672. Like the other courts that have considered this argument, we find it to be wholly without merit.[5]

Employers are required to withhold and remit federal taxes from the wages of their employees. If an employer fails to pay over these trust fund taxes when due, it "shall be liable for the payment of the tax required to be deducted and withheld . . . ."[6] In the instant case, the employer was the partnership, and Remington does not dispute that he was a general partner in that partnership. Under § 15 of the Texas Uniform Partnership Act,[7] "[a]ll partners are liable jointly and severally for all debts and obligations of the partnership . . . ." Accordingly, under Texas law, the IRS is entitled to collect the trust fund tax liability, indisputably a partnership debt, from any one of the general partners, including Remington.[8] The partnership is the primary obligor and its partners are jointly and severally liable on its debts.

Nothing in I.R.C. §§ 6671 and 6672 changes this result. Under

---

[5]See Livingston v. United States, 793 F. Supp. 251 (D. Idaho 1992); Baily v. United States, 355 F. Supp. 325 (E.D. Pa. 1973).

[6]I.R.C. § 3403.

[7]TEX. CIV. STAT. ANN. art. 6132b § 15.

[8]See Ballard v. United States, 17 F.3d 116, 118 (5th Cir. 1994) ("state law . . . determines when a partner is liable for the obligations — including employment taxes — of his partnership.").

4

these provisions, a "penalty" equal to the amount of the tax that should have been collected and remitted is imposed on the responsible person or persons who willfully failed to collect and remit the tax.[9]  These provisions were enacted primarily to deal with the problem of the insolvent corporate tax debtor.  Unlike general partners, who are jointly and severally liable for partnership debts, the owners and managers of a corporation — its shareholders, directors, and officers — are generally shielded from personal liability to creditors by state corporation law. Experience has taught that when a corporation was approaching insolvency, there would be too great a temptation to pay corporate creditors out of the funds that were supposed to be held in trust for the government.  It is likely that this experience and others influenced Congress to enact §§ 6671-72.

It is true that by their terms I.R.C. §§ 6671-72 apply to all types of business organizations, from the sole proprietorship to the general partnership to the multinational corporation.  In some cases, such as the general partnership, the provisions create an alternative source of responsibility to the one already imposed by state law.  In other cases, such as the business corporation, the provision imposes additional responsibility that supplements liability imposed by state law.  We discern no indication that Congress intended to eliminate or restrict state law liability for

---

[9]See generally Mazo v. United States, 591 F.2d 1151 (1979).

the payment of trust fund taxes; the only indication we find is to the contrary, i.e., that §§ 6671-72 were intended to create an additional avenue for the collection of trust fund taxes.

Moreover, If Remington's preemption argument were accepted, then the IRS, as a creditor, would stand in a worse position vis-a-vis a general partnership than would any other creditor of that partnership. All creditors other than the IRS could look to the joint and several liability of the partners to collect a partnership debt from any one or more of them; but, the IRS would only be able to collect the outstanding tax debt from the partnership itself or from the partner or partners — not necessarily all partners — responsible for withholding the trust fund taxes. Unlike every other creditor, the IRS would not be allowed to collect the partnership debt from a general partner who was not a responsible person under I.R.C. §§ 6671-72. This result would run contrary to the very purpose of §§ 6671-72, namely, "to facilitate, not restrict, the collection of these important trust fund taxes."[10]

We conclude that I.R.C. § 6672(a) is an alternative or supplemental collection provision, not a preempting substitute for primary responsibility under state law. We find nothing to suggest that Congress intended for that section of the I.R.C. to preempt state partnership law. Neither is there a conflict between state

---

[10]Livingston v. United States, 793 F. Supp. 251, 254 (D. Idaho 1992).

and federal law that would render compliance with both impossible.[11] We hold, therefore, that I.R.C. §§ 6671-72 do not preempt § 15 of the Texas Uniform Partnership Act; rather they complement it.

C.     Time Bar

Remington also contends that the IRS did not timely initiate collection. The IRS is required to initiate collection within ten years following <u>assessment</u> of the tax.[12] Remington urges that the taxes were "assessed" when the return was filed and that the date on which the return was filed is a disputed fact. If this dispute were resolved in his favor, Remington argues, it would establish that the IRS did not initiate its collection effort within ten years, making its effort to collect the taxes time-barred. In short, Remington maintains that there is a disputed issue of material fact that precludes summary judgment.

Although it is true that the filing of a return starts the running of the three-year period within which the IRS can <u>assess</u> taxes,[13] I.R.C. § 6502(a)(1) makes clear that it is the "assessment" itself that, once made, starts the running of the ten-year period within which the IRS can commence efforts to <u>collect</u> an assessed tax. The law is well established that the filing of a return does not constitute the assessment of the tax:  "The 'assessment,'

_____

[11]<u>See</u> <u>California v. ARC America Corp.</u>, 490 U.S. 93 (1989).

[12]<u>See</u> I.R.C. § 6502(a).

[13]<u>See</u> I.R.C. § 6501.

essentially a bookkeeping notation, is made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls."[14] In this case there is no dispute about the date of the assessment; accordingly, even if there is a disputed issue of fact regarding the date that Remington filed his return, that fact does not affect the date of the assessment and therefore is not <u>material</u> to the resolution of this case. As such, it does not preclude summary judgment.

## III.

## CONCLUSION

We hold that the IRS timely initiated collection proceedings and that I.R.C. §§ 6671-72 do not preempt state partnership law. The judgment of the district court is, in all respects AFFIRMED.

---

[14]<u>See</u> <u>Laing v. United States</u>, 423 U.S. 161, 170 n.13 (1976); <u>see</u> <u>also</u> I.R.C. § 6203; 26 C.F.R. § 301.6203-1.