**In re SEWICKLEY HOSPITALITY, LTD., Debtor.**

**No. 99–23632–C–11.**

United States Bankruptcy Court, S.D. Texas, Corpus Christi Division.

Jan. 22, 2002.

Butch Fernandez Cabreros, Jordan Hyden Womble & Culbreth PC, Corpus Christi, TX, for Sewickley Hospitality Ltd.

David B. Coffin, Department of Justice, Dallas, TX, Patricia Reed Constant, Corpus Christi, TX, for creditors.

### *OPINION RECONSIDERING THE GRANTING OF SUMMARY JUDGMENT*

RICHARD S. SCHMIDT, Bankruptcy Judge.

Before the Court is the Debtors request for reconsideration of the Granting of Summary Judgment in favor of the Internal Revenue Service (IRS). After the debtor objected to the IRS's proof of

claim, cross motions for Summary Judgment were filed by the debtor and the IRS. Having considered the arguments and briefs from all parties on the motion to reconsider, the Court believe it erred in its earlier ruling and, for the reasons stated below, will vacate the earlier ruling and grant Summary Judgment in favor of the Debtor.

### Jurisdiction

This Court has jurisdiction over this proceeding because it is an objection to claim and a case proceeding. 28 U.S.C. §§ 152, 1334 (1999).

### Discussion

The facts in this case are undisputed. At the present time Sewickley Hospitality Limited Partnership ("Debtor") is a Texas Limited Partnership whose general partner is SHLP Liquidators, Inc., a Texas Corporation. Debtor's primary asset is the Sewickley Country Inn, a hotel located in Sewickley, Pennsylvania, purchased by the Debtor in June of 1996.

Sewickley Hospitality Limited Partnership was formed in 1996 for the purpose of owning and holding the subject real estate. On November 30, 1999, the Debtor filed the subject Chapter 11 Bankruptcy Proceeding.

From the formation of the Debtor until August of 1999, K & B Hotel Management, Inc. ("K & B") was the general partner of the Debtor.

K & B was not entitled to any compensation for its services as general partner pursuant to Paragraph 6.02 of the Partnership Agreement. K & B contracted with the Debtor, however, to be the independent hotel management company to manage the hotel property on behalf of the Debtor in exchange for a monthly management fee. K & B and it's owner Kenneth J. Bell have been in the hotel management business for some years and operated, as Independent Hotel Management Company, a hotel in New Mexico at the time the Debtor retained K & B as its independent hotel management company.

K & B took on the management of the hotel property from the day it was purchased by the Debtor and continued in that capacity until August of 1999. K & B was compensated on a monthly basis for its service as Independent Hotel Management Company on the property until February, 1998. In an agreement dated and effective March 6, 1998, K & B agreed to the suspension of any payments for its hotel management operation and to allow the Debtor to retain C.F. Management, Inc. as a consultant to review the condition of the hotel and the operations of K & B of the subject property. This action was taken by the Debtor due to its concerns over mismanagement and misappropriations of funds under the operation of K & B.

In August of 1999, the authority of the general partner was transferred from K & B to SHLP Liquidators, Inc., the current general partner of the debtor and, at the same time, D.F. Management was retained to replace K & B as on-site hotel management company.

During K & B's tenure as an independent hotel management company, it had both the sole responsibility and the sole right to manage the running of the subject property. K & B in its capacity as independent hotel management company solicited job applications from employees, retained and compensated employees, negotiated a collective bargaining agreement with the employees, and executed and filed a 941 tax return in its own name covering the compensation it paid these employees. K & B had the power and sole responsibility for retention of employees, compensation of employees, and payment of 941 withholding taxes. Such arrangements are the standard in the in-

dustry and serve as a rational approach for owners who are unsophisticated in the hotel management business to allow and contract for expertise hotel management.

In addition to the filing of 941 tax returns in the name of K & B Hotel Management, Inc., 941 tax returns were sent to the IRS in the name of the Debtor for quarters ending 6/30/97 and 9/30/97. Such filings with the IRS were unsigned and clearly erroneous. Initially the IRS claimed that the Debtor was liable for 941 taxes covered in the unsigned returns and then amended its position to allege the Debtor was liable for all of the 941 taxes due from K & B covering its term as independent hotel management, which remain unpaid.

K & B failed to pay the 941 taxes for the following quarters: 12/31/96, 6/30/97, 12/31/97 and 9/30/99. The IRS claims that K & B owes it $333,911.95 for the quarters in question and that the liability of K & B is also that of the Debtor.

The Debtor did not have signing authority on any of the accounts maintained by K & B in which the unpaid 941 taxes were deposited. The Debtor did not have the authority, ability or responsibility to pay either wages to the subject employees or to turn over the money withheld from those wages by K & B. K & B was the sole employer of the subject employees. K & B, in its retention and compensation of the subject employees, acted in its capacity as independent hotel management not in its capacity as general partner on behalf of the Debtor.

Other than the two unsigned quarterly returns, there is no evidence that the IRS or anyone else was misled in any way as to the capacity in which K & B was retaining and compensating the subject employees. No evidence exists that K & B held itself out as operating on behalf of the Debtor or as general partner of the Debtor in its retention or compensation of the subject employees.

■■■ The IRS contends that Texas Limited Partnership law provides that a general partner is the agent of a limited partnership and therefore a general partner's acts bind the partnership. Texas Rev.Civ.Stat. Art. 6132b–3.02(a). While this is true, it oversimplifies the issue here. There is no question that a general partner can hire employees on behalf of a limited partnership and thus bind the limited partner for the resulting employment tax liability. Here, however, the employees in question were the employees of K & B under 26 U.S.C. §§ 3401(d).

The IRS has cited *Remington v. United States,* 210 F.3d 281 (5th Cir.2000) for the proposition that despite the fact that the employees were employed by K & B, the IRS could collect from the Debtor. In *Remington* the court held that the IRS could collect from a general partner for trust fund taxes owed by the partnerships. The Court held that state partnership law holds a general partner liable jointly and severably for all partnership debts including IRS tax liability even if the partner is not a responsible person under §§ 6617–27 of the Internal Revenue Code.

The Texas Revised Limited Partnership Act explicitly provides that when a limited partnership transacts business with one of its partners it is as if the transaction were with a non-partner.

[A] partner may lend money to and transact other business with the limited partnership and, subject to other applicable law, has the same rights and obligations with respect to those matters as a person who is not a partner. Tex.Rev. Civ.Stat.Ann. Art. 6132a–1 § 1.10.

Thus when K & B contracted with the debtor to be the independent hotel management company, it had the same rights

**130**

and obligations as one who was not a partner under Texas law. The use of K & B's name as employer of the subject employees creates a presumption that K & B was acting on its own behalf and not as the agent of the Debtor. *First State Bank of Riesel v. Dyer, et al.,* 151 Tex. 650, 254 S.W.2d 92 (1953).

K & B's employment of hotel employees as a non-partner was not an act of the Debtor, and did not obligate the debtor for tax liability. *Kittlaus v. United States,* 41 F.3d 327 (7th Cir.1994).

*Conclusion*

For the foregoing reasons the Court finds that there are no genuine issues of material fact and the Debtor is not liable for the tax liability of K & B as a matter of law. Summary Judgment should therefore be granted sustaining the Debtor's objection to the IRS proof of claim. Counsel for Debtor shall prepare a final judgment.