T.C. Summary Opinion 2011-93

UNITED STATES TAX COURT

OSCAR OFILIO MOREIRA, DERIVATIVE OBLIGOR OF INTERNATIONAL MOTORS
PARTNERSHIP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 938-09S.               Filed July 19, 2011.

<u>Jerome E. Comer</u>, for petitioner.

<u>Matthew S. Reddington</u>, for respondent.

GOEKE, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the

--------

[1]All section references are to the Internal Revenue Code as
amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue is whether respondent may proceed to collect from Oscar Ofilio Moreira (petitioner) the unpaid employment taxes and additions to tax for International Motors, a partnership, for tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, and December 31, 2006.  For the reasons stated herein, we find that respondent may proceed to collect the taxes and the additions to tax under section 6654 only for the first three quarters, but may not collect any amount for the final quarter.

## Background

On August 15, 2005, petitioner, and Fredy A. Quiroz (Mr. Quiroz) formed a general partnership, International Motors, A Virginia Partnership.[2]  Petitioner was a general partner of International Motors, which conducted the retail sales of motor vehicles.  After discussion, petitioner and Mr. Quiroz agreed to alter the structure of International Motors.  On August 2, 2006, Mr. Quiroz organized International Motors, LLC, in Virginia without petitioner.  Petitioner learned of his exclusion from the LLC only months after its formation.

---

[2]All references to International Motors refer to the Virginia partnership unless otherwise described as International Motors, LLC.

International Motors, LLC, submitted Forms 941, Employer's Quarterly Federal Tax Return, for all tax quarters during 2006 and a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax year 2006.[3] International Motors, LLC, also submitted a Form 1065, U.S. Return of Partnership Income, reporting income tax for 2006.[4]

On July 30, 2007, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On November 13, 2008, a face-to-face hearing was held in accordance with petitioner's request. On December 11, 2008, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6230 and/or 6330 (notice). The notice pertained to Forms 941 for liabilities of International Motors for tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, and December 31, 2006. The notice

---

[3]Petitioner objects to the accuracy of these documents and specifically notes that International Motors, LLC, was not created until Aug. 2, 2006.

[4]Respondent does not stipulate as to the date received, nor does the form provide a date received or prepared.

contained a summary of petitioner's arguments at his Appeals

hearing.  The amounts[5] at issue are as follows:

| Tax Period | Employment Tax & Assessed Interest | Additions to Tax | | |
|---|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| Mar. 31, 2006 | $4,961 | $1,013 | $292 | $675 |
| June 30, 2006 | 5,291 | 1,104 | 245 | 736 |
| Sept. 30, 2006 | 5,116 | 1,094 | 170 | 729 |
| Dec. 31, 2006 | 6,380 | 561 | 124 | 935 |

Before petitioner filed this petition in this Court, he

pursued his former partner Mr. Quiroz and International Motors,

LLC, in the Circuit Court of the City of Richmond (circuit

court).  On November 20, 2008, an order was entered in

petitioner's favor, and the circuit court awarded him $33,626 for

the purpose of paying the outstanding Form 941 employment tax

liabilities of International Motors, the partnership and the LLC,

for tax periods ending March 31, 2006, June 30, 2006, September

30, 2006, and December 31, 2006.  On March 23, 2009, the circuit

court entered a default judgment in favor of petitioner against

Mr. Quiroz and International Motors, the partnership and the LLC,

of $39,750 in compensatory damages.  On August 14, 2009, the

circuit court awarded compensatory damages to petitioner and

against Mr. Quiroz and International Motors, the partnership and

the LLC, of $119,250.

_____

[5]Amounts listed include interest assessed as of Mar. 24,
2010.

Petitioner resided in Virginia when he timely filed his petition.

## Discussion

### Collection Procedures

Section 6330(a) provides that no levy to collect Federal tax obligations may be made on any property of any person unless the Secretary has notified the person in writing of the right to a hearing before the levy is made. Section 6330(b)(1) and (3) provides that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the IRS. At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and collection alternatives, such as an offer-in-compromise. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the beginning of the hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). In the present case, petitioner may contest the underlying employment tax liabilities.

Following a hearing the Appeals Office must make a determination whether the proposed lien or levy action may proceed. The Appeals Office is required to take into

consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns that the levy action be no more intrusive than is necessary. Sec. 6330(c)(3).

Section 6330(d) grants the Court jurisdiction to review the Appeals officer's determination to proceed with collection action via levy after the hearing. Where the validity of the underlying tax liability is at issue in a collection review proceeding, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000).

Petitioner contested his liability for the employment taxes and resulting additions to tax at his lien and levy hearing. As stated previously, respondent concedes that petitioner's underlying tax liabilities are properly at issue in this case. We agree and will review the tax liability determination.

Petitioner argues that he is not personally liable for International Motors' outstanding liabilities for several reasons. His arguments are: (1) That Mr. Quiroz was at all times the managing partner of the partnership which position included the management of finances; (2) that the partnership was defunct in August 2006 and thus he could not have accrued tax

liabilities at any time after this date; (3) that he was not a member of the LLC because he was excluded from the new entity; and (4) that judgments in the circuit court decided in his favor establish that he is not liable for the employment taxes.

Respondent argues that an assessment against the partnership is equivalent to an assessment against a derivatively liable general partner. Respondent also argues that petitioner was undisputedly a general partner for the first three tax periods at issue and that his continued participation in the new entity, International Motors, LLC, also makes him liable for the last tax period because the business of International Motors continued at a partnership level.[6]

Section 3402 requires employers to withhold and pay certain Federal taxes incurred by its employees. An "employer" is a person for whom an individual performs a service as an employee, and a partnership can be a "person" for this purpose. See secs. 3401(d), 7701(a)(1). See Remington v. United States, 210 F.3d 281, 283 (5th Cir. 2000); see also Helland v. United States, 90 AFTR 2d 2002-7045, 2002-2 USTC par. 50,754 (2002), affd. 96 Fed. Appx. 719 (Fed. Cir. 2004).

Virginia law provides that all general partners are liable jointly and severally for all obligations of the partnership

---

[6]Respondent does not argue that the sec. 6672 penalty is applicable here.

unless otherwise agreed or provided by law.  Va. Code Ann. sec. 50-73.96 (2009).

Petitioner does not dispute that he was a general partner of the entity operating the business before the LLP's formation, and we determine that respondent is entitled to collect the tax liability originating from any failure to pay employment taxes of the partnership from any one of the general partners, including petitioner.  Additionally, the circuit court judgments do not prevent respondent from collecting assessments against the partners.  We agree with respondent that petitioner is liable for taxes during the first three tax periods of 2006 because of his role as a general partner.  We find the partnership liable for the entire third quarter liabilities on the limited record before us.

It is unclear, however, whether petitioner is liable for employment taxes accrued during the final tax period of 2006. Petitioner testified that he knew of the creation of the International Motors, LLC.  He testified that he was aware of the motivation for its creation and that he agreed with Mr. Quiroz to alter the partnership in this way.  The intention for the LLC, as understood by petitioner, was that all the assets and the business of the former partnership would be operated under the new LLC.  Additionally, petitioner testified that he opened bank accounts for the new LLC and that he had signature authority for

the bank accounts when it was formed in August 2006. Petitioner stated that he used the LLC's new tax ID number to open up this account and that funds from the partnership were being funneled into the new account for the LLC. However, petitioner's involvement in the LLC does not extend beyond opening a bank account sometime during the third tax quarter of 2006. Petitioner testified credibly that he had no knowledge of the LLC beyond August. Respondent presents no arguments as to petitioner's membership or participation in the LLC other than opening the bank account. Petitioner was a general partner of the partnership which operated the business and paid the employees for the first three quarters and as such he was liable for the employment taxes in those quarters. However, we determine that he is not individually liable for the LLC's liability in the fourth quarter on the basis of Virginia and Federal law.

We review an Appeals Office determination with respect to collection alternatives for abuse of discretion. Petitioner did not introduce any credible evidence that would allow us to conclude that the determination to sustain the levy was arbitrary, capricious, without foundation in fact or law, or otherwise an abuse of discretion. See, e.g., Giamelli v. Commissioner, 129 T.C. 107, 112, 115-116 (2007). The Appeals Office verified that all requirements of applicable law or

administrative procedure were met. It balanced the need for efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary. Petitioner provided no collection alternatives, nor filed the delinquent tax returns. Thus the Appeals Office's levy actions were appropriate. Accordingly, we conclude that respondent did not abuse his discretion in sustaining the collection action.

Additions to Tax

Respondent determined that petitioner is liable for additions to tax for failure to timely file a return under section 6651(a)(1), failure to timely pay tax under section 6651(a)(2), and failure to pay estimated income tax under section 6654. The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax under sections 6651(a)(1) and (2) and 6654(a). See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proof as to substantial authority, reasonable cause, or similar provisions. Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless such failure is due to reasonable cause and not willful neglect. Petitioner does not argue the tax returns were timely filed; rather, he argues that

he did not file a return during tax year 2006 because Mr. Quiroz assumed all management responsibilities. Relying on Mr. Quiroz to ensure all duties and obligations of the partnership, including the filing of its tax returns associated with operating a partnership, was not prudent but petitioner believed the LLC rather than the partnership was the taxpayer. This misconception was reasonable on the facts before us. Accordingly, we hold that petitioner is not liable for the section 6651(a)(1) additions to tax.

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return unless such failure is due to reasonable cause and not willful neglect. Petitioner has not paid the taxes due because he believes he is not responsible for the partnership's tax payments. We find his legal argument provides reasonable cause and a good faith reason for his failure to pay, and therefore these additions to tax do not apply.

Section 6654 imposes an addition to tax on an underpayment of estimated tax. The partnership failed to file quarterly tax returns for all periods at issue and also failed to file an annual return. Petitioner failed to make any estimated tax payments for any of the tax periods at issue. Because he is liable for the partnership debt, petitioner is liable for the

additions to tax for failure to pay estimated taxes under section 6654.

Because the LLC was the entity running the business in the fourth quarter and petitioner was neither an owner nor participant in the LLC during that quarter, he is not liable for employment taxes for the fourth quarter.  Respondent may proceed with collection from petitioner of the assessed employment taxes for the first three quarters.

To reflect the foregoing,

An appropriate decision

will be entered.