NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3100
_____

UNITED STATES OF AMERICA

v.

GREGORY JOHN BISHOP;
CHASE HOME FINANCE LLC,

Gregory John Bishop,
Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-12-cv-00209)
District Judge:  Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2014

Before:  FISHER, VAN ANTWERPEN and TASHIMA,[*] *Circuit Judges*.

(Filed: June 24, 2014)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

---

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

Appellant Gregory John Bishop appeals the District Court's grant of summary judgment for the government in this action to collect taxes owed for the 1999 tax year. Bishop argues that because he filed his 1999 tax return on April 17, 2000, the Internal Revenue Service ("IRS") failed to file the instant collection action within the statutory ten-year period. Because the IRS did not make its assessment until July 22, 2002, the action was timely and we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On April 17, 2000, Bishop mailed his 1999 income tax return by certified mail to the IRS office in Philadelphia, Pennsylvania. He subsequently received notice from the IRS that his 1999 tax return had not been filed. Bishop responded to that notice with a copy of his 1999 return along with documentation indicating that it was, in fact, received by the IRS. On July 22, 2002, the IRS processed the return, listing that date as the official "assessment date" of Bishop's 1999 return. Appellant App. Vol. 2 at 65. Shortly after, the IRS mailed Bishop a payment notice for $1,085,689. Bishop did not pay the amount due, and on January 18, 2012, the United States brought suit seeking to reduce the tax liens to judgment and foreclose on Bishop's property. The parties filed cross motions for

summary judgment, and Bishop claimed that the ten-year statute of limitations on collections had expired because he filed his 1999 tax return on April 17, 2000.

On April 23, 2013, the District Court denied Bishop's motion for summary judgment and granted the government's motion. The Court entered judgment in the amount of $1,125,671.26 against Bishop, the amount owed plus interest and penalties, and allowed the United States to foreclose upon Bishop's property. On June 5, 2013, the District Court issued an amended judgment and Bishop filed a second notice of appeal on July 1, 2013, withdrawing his previous notice that had been filed before the amended judgment. On October 18, 2013 we remanded for the limited purpose of allowing the District Court to issue an order of sale, which was done that same day. We now consider Bishop's appeal.[1]

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

Review of a grant of summary judgment is plenary. *Burton v. Teleflex, Inc.*, 707 F.3d 417, 424-25 (3d Cir. 2013) (citing *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010)). We apply the same standard as that applied by the District Court. *Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004). A court will grant summary

---

[1] We have jurisdiction pursuant to the rule established in *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184-85 (3d Cir. 1983), because the District Court entered a final order of sale on October 18, 2013. *Id.* (finding appellate jurisdiction when a premature notice of appeal ripened upon entry of a final, appealable order).

3

judgment only where the moving party has demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court should "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 794 (3d Cir. 2007).

## III.

Bishop argues that the ten-year statute of limitations at issue in this case expired on April 17, 2010—ten years from the date he allegedly filed his 1999 tax return. Because the IRS did not commence its action until January 18, 2012, Bishop argues that the District Court lacked jurisdiction under 26 U.S.C. § 6502(a)(1), which requires an action to commence no more than ten years after the assessment date. Bishop presents several justifications for his argument: (1) he timely filed his 1999 tax return; (2) the date he filed his 1999 return should be considered the date of assessment; and (3) his "self-assessment" appearing on his original filing should be considered the date of assessment.[2] We will address each argument in turn.

## A.

The IRS has three years from the time a tax return is filed to make an assessment of a taxpayer's liability. 26 U.S.C. § 6501(a). Bishop claims that he filed his 1999 return

---

[2] Bishop's brief also presents arguments about alleged irregularities in certain IRS transcripts that we find to be without merit. Any irregularity does not change the reality that, even assuming he timely filed his 1999 return, the IRS properly assessed the amount of tax within the statutory three-year window provided in 26 U.S.C. § 6501(a).

4

for the first time on April 17, 2000, and provides compelling evidence in support of that claim. It is undisputed, however, that the IRS assessed Bishop's 1999 tax return on July 22, 2002. In light of that fact, we need not concern ourselves with whether Bishop's 1999 return was timely filed, because even if we accept his contention as being true—that the IRS did receive his return on April 17, 2000—the IRS still had until April 17, 2003 to assess the tax owed. Quite simply, the IRS assessed Bishop's return well within the statutory time period under § 6501(a). The issue therefore becomes whether the alleged date of filing—April 17, 2000—is the date of "assessment" for purposes of § 6501(a).

B.

Bishop's second argument is that the filing date of April 17, 2000 was the "assessment" that triggered the ten-year statute of limitations. The Internal Revenue Code provides that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected . . . by a proceeding in court . . . within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a). "The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. An "assessment," as used in the Internal Revenue Code, is a "'recording' of the amount the taxpayer owes the Government." *Hibbs v. Winn*, 542 U.S. 88, 100 (2004) (quoting 26 U.S.C. § 6203). It is the official record of the amount of a taxpayer's tax liability. *Cohen v. Gross*, 316 F.2d 521, 522-23 (3d Cir. 1963). "It is

5

made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls." *Liang v. United States*, 423 U.S. 161, 170 n.13 (1976) (citing 26 U.S.C. § 6203). The assessment "consists of no more than the ascertainment of the amount due and the formal entry of that amount on the books of the Secretary." *United States v. Dixieland Fin., Inc.*, 594 F.2d 1311, 1312 (9th Cir. 1979).

Several courts have addressed the difference between assessment dates and the date on which a return is filed. *United States v. Isley*, 356 F. Supp. 2d 391, 407 (D.N.J. 2004) (demonstrating that the assessment date is controlled by statute, not by the taxpayer's voluntary filing); *Sygitowicz v. United States*, No. CO6-962Z, 2007 WL 2496095, at *8 (W.D. Wash. Aug. 30, 2007) (indicating that even when multiple years of returns are filed concurrently, only the IRS' assessment date begins the statute of limitations). Notably, the Fifth Circuit has differentiated between the filing date and the assessment date, noting that although the filing date starts the three-year *assessment* period, the assessment date begins the ten-year *collection* period. *Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000).

*Remington* contains facts similar to the present case. There, after a law firm partner realized that certain taxes for the business had gone unpaid, he hired an accountant and submitted the outstanding returns. *Id.* at 283. The partner did not actually pay the tax liability, however, and the IRS assessed the taxes and filed liens against both the company and the partner. *Id.* As part of his suit, the partner contended that the IRS

did not initiate collection proceedings within ten years of the assessment of the tax, arguing that the taxes were assessed at the time the return was filed. *Id.* The Fifth Circuit rejected this argument, stating that "there is no dispute about the date of the assessment; accordingly, even if there is a disputed issue of fact regarding the date that [he] filed his return, that fact does not affect the date of the assessment." *Id.* at 284. The Ninth Circuit has similarly specified that the assessment consists of both the ascertainment of the tax *and* the entry of that amount by the Secretary. *Dixieland*, 594 F.2d at 1312.

Bishop's argument that the filing date, rather than the assessment date, should control is similar to that advanced in *Remington*. Here, regardless of the dispute over when the IRS successfully received Bishop's 1999 return, there is no dispute over the assessment date entered by the IRS. Bishop provides extensive analysis of internal IRS procedures detailing what is required for an assessment to take place, and when a taxpayer is considered to have filed a return. *See* I.R.M. 25.6.1.6.16 (Oct. 1, 2010) (Appellant App. Vol. 2 at 55); I.R.M. 25.6.1.9.4.1 (Oct. 1, 2007) (Appellant App. Vol. 2 at 105). However, the only materials cited by Bishop that carry the force of law merely mention that an assessment is to be made, and that the IRS is to assess the tax within three years of when the return is filed. 26 U.S.C. § 6203; 26 U.S.C. § 6501(a). Neither statute indicates that the assessment date is actually the date of filing; in fact, § 6501(a) indicates a clear difference between the filing date and the assessment date because it provides a three year window within which the latter may be entered.

7

Similarly, IRM 25.6.1.6.16 implies a distinction between the filing and assessment dates, requiring that the return must be filed in order to be assessed. There is little reason to distinguish between the filing of a return and the assessment of a return if, as Bishop argues, the two are one and the same. As such, we agree with the Fifth Circuit that because the filing and the assessment are two separate actions, the assessment date and the filing date are not the same.

## C.

Bishop's final argument is that the self-assessment on his filed return triggered the ten-year statute of limitations. A "Self-Assessment" is a term used for when a taxpayer submits documentation of his or her own tax liability, versus when the Secretary determines a taxpayer's liability. *See Kahn v. United States*, 753 F.2d 1208, 1213 (3d Cir. 1985) (stating that a self-assessment is in reference to "the amount of tax shown on the return"); 26 U.S.C. § 6201(a)(1) (distinguishing between the taxes assessed by the IRS and the taxes listed on the taxpayer's return). The ability for taxpayers to indicate their own tax liability is "largely the basis of our American scheme of income taxation. The purpose is . . . to get [tax information] with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished." *Comm'r v. Lane-Wells Co.*, 321 U.S. 219, 223 (1944). A self-assessment is completed and submitted by the taxpayer as part of the filing process. *See Jenney v. United States*, 755 F.2d 1384, 1386 (5th Cir. 1985) (referencing that the term "self-

8

assessment" is the amount of tax liability reported on the face of a taxpayer's return). The filing of a tax return is not the same as the assessment of the tax. *Sygitowitz*, 2007 WL 2496095, at *8. Finally, "assessment" as referred to in the Internal Revenue Code refers to the Commissioner's final assessment, not the taxpayer's self-assessment. *United States v. Amori*, 136 F. Supp. 601, 602 (N.D. Cal. 1955).

Here, Bishop argues that when he filed his return on April 17, 2000, he included with it a self-assessment. He argues that because the self-assessment can immediately be entered into the IRS system if it is deemed to be accurate (turning it into the taxpayer's actual assessment), the self-assessment date of April 17, 2000 should control the statute of limitations. However, it is well-established that the date of the filing does not necessary coincide with the date of assessment. In this case, Bishop's self-assessment was submitted as part of his filing. Merely because an assessment can be made exclusively based on the self-assessment does not mean that it always is or needs to be. Although Bishop claims that the three-year assessment period is exclusively for the IRS to determine whether or not the self-assessment provided by the taxpayer is accurate, the fact remains that the IRS is given three years to assess a return by statute. In this case, it did so. As such, Bishop's claim that the self-assessment date should control the statute of limitations is unsupported by the Internal Revenue Code.

IV.

In conclusion, we note as the District Court did that Bishop's situation is regrettable. While it appears as though the IRS made a mistake in losing track of Bishop's returns, it nevertheless complied with the applicable three-year window within which to make an assessment. We will therefore affirm the District Court's grant of summary judgment.