IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50377
Summary Calendar
_____


JOSE A. PEREZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
November 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Jose A. Perez appeals from the district court's order granting summary judgment to the United States of America ("government") in Perez's quiet-title action against the government to remove a federal tax lien placed on his property by the Internal Revenue Service ("IRS"). In concluding that Perez's arguments on appeal are without merit, we affirm the judgment of the district court.

I.
FACTS AND PROCEEDINGS

In April 1988, Perez filed four federal income tax returns with the IRS, covering tax years 1984, 1985, 1986, and 1987. In these returns, Perez identified the following tax liabilities:

1984: $ 5,867
1985: $ 7,780

```
1986:  $ 5,526
1987:  $ 1,312
```

He did not, however, pay anything toward the amounts listed on his tax returns.  In June 1988, the IRS assessed Perez's taxes for the years 1984 through 1987.

Following an audit in July 1988, Perez agreed to tax deficiencies in the amounts of $1,452 and $1,442, plus penalties, for tax years 1983 and 1984, respectively.  Later in that month, Perez executed IRS Form 4549, consenting to the immediate assessment and collection of the deficiencies for 1983 and 1984, as well as to the immediate collection of his 1985 tax liability of $7,780.  In April 1989, the IRS also identified deficiencies of $1,367 for tax year 1986, which consisted entirely of assessed penalties and interest on Perez's $5,526 unpaid tax liability for that year.  The IRS assessed all of these deficiencies in September 1989.  In March 1990, Perez executed IRS Form CP-2000, consenting to the immediate assessment and collection of a $303 deficiency for his 1987 tax year.  The IRS assessed this deficiency in June of that year.

In April 1989, the IRS placed a federal tax lien on Perez's property.  In March 1997, the IRS notified Perez's employer that it intended to levy Perez's wages for his outstanding tax liabilities.  In March 2000, the IRS sent Perez a final notice of intent to levy.  Perez subsequently requested a collection due process hearing before the IRS's Office of Appeals.  In early September of that year, the Office of Appeals rejected his request.

The following month, Perez filed suit against Charles Rossotti, the Commissioner of Internal Revenue. In his complaint, Perez alleged (1) procedural irregularities by the IRS in executing the tax lien against his property, and (2) violation of his administrative due process rights resulting from the IRS's rejection of his administrative appeal concerning the levy on his income from his (now former) employer. In April 2001, the district court dismissed Perez's administrative appeal for lack of jurisdiction, and ordered Perez to amend his complaint to comply with the pleading requirements under 28 U.S.C. § 2410(b) for his federal tax lien claims.

In May 2001, Perez filed an amended complaint seeking to quiet title to his property encumbered by the federal tax lien. In his amended complaint, Perez alleged a litany of procedural irregularities committed by the IRS in placing the tax lien on his property in 1989, viz., (1) the IRS did not properly assess his taxes for the years 1984, 1985, 1986, and 1987; (2) even if the IRS properly assessed the taxes, it did not properly notify him of this assessment; (3) the IRS failed to issue notices of deficiency prior to placing the lien on his property; and (4) the IRS is now barred by the statute of limitations from the collection of these taxes. Perez also alleged that the IRS failed to notify him properly of the levy on his wages. The government filed a counterclaim in May 2001, seeking to reduce Perez's tax liabilities to judgment.

Both parties then moved for summary judgment. Relying on records proffered by the government in support of its motion—in

particular, IRS Forms 4340, showing Perez's relevant tax liabilities and the notices issued by the IRS, the IRS RACS Report-006 (Summary Record of Assessments), and the aforementioned IRS Form 4549—the district court granted summary judgment to the government and denied summary judgment to Perez. Perez timely filed a notice of appeal in April 2002.

## II.
## ANALYSIS

Three issues are presented in this appeal: (1) Perez's challenge to the district court's decision that the IRS Forms 4340 and 4549 are proper evidence of his assessed taxes and the IRS's notifications thereof; (2) his challenge to the district court's ruling that the IRS did not need to issue deficiency notices because Perez's tax arrears were not a "deficiency," as defined by the relevant statutes;[1] and (3) the government's argument that Perez's complaint should be dismissed outright for lack of jurisdiction under § 2410(b). Although we disagree with the government and conclude that the federal courts have jurisdiction over Perez's complaint, we hold that the district court's order granting summary judgment to the government was proper.

---

[1] Perez does not challenge on appeal the district court's grant of summary judgment to the government on the issues of (1) the IRS's actions being time-barred by the statute of limitations and (2) the validity of the IRS's levy on his wages. Therefore, Perez has waived these two issues. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (noting that "issues not briefed on appeal are waived").

4

A.    Standard of Review

We review a grant of summary judgment de novo, applying the same standard as the district court.[2]  A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[3]  An issue is material if its resolution could affect the outcome of the action.[4]  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[5]

The standard for summary judgment mirrors that for judgment as a matter of law.[6]  Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[7]  In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached.[8]  The

---

[2] Morris v. Covan Worldwide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[3] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

[6] Celotex Corp., 477 U.S. at 323.

[7] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

[8] Id. at 151.

nonmoving party, however, cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence.[9]

B.    Federal Jurisdiction Under § 2410

We must first address the government's argument concerning jurisdiction because this is a threshold issue that must be resolved before any federal court reaches the merits of the case before it.  The law is well established that the government or any of its instrumentalities may not be sued by a citizen without the government's express consent.[10]  In this case, Perez has brought suit under § 2410, which is clearly a waiver of sovereign immunity. This statute provides, in part, that the government may be named as a party in any civil suit to quiet title to property on which the government has a mortgage or lien.[11]  As the IRS has placed a lien on Perez's real property, there appears to be federal jurisdiction to hear Perez's complaint.

The government maintains, however, that Perez has failed to meet the requirements of § 2410(b), which states that a complaint to quiet title "shall set forth with particularity . . . the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such

---

[9] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[10] Rodriguez v. Tex. Comm'n on the Arts, 199 F.3d 279, 280 (5th Cir. 2000).

[11] 28 U.S.C. § 2410(a).

notice of lien was filed."[12]  Strictly speaking, Perez failed to specify any of this information in his amended complaint.  Thus, the government urges, we must dismiss Perez's complaint for failure to state a claim under § 2410.

In considering this complaint, filed as it is by a <u>pro se</u> plaintiff, we decline the government's invitation to adopt a strict application of § 2410.  To do so would be inequitable; we would, in effect, be punishing Perez for lacking the linguistic and analytical skills of a trained lawyer in deciphering the requirements of the United States Code.  It is precisely to avoid such a result that courts have adopted the rule that a <u>pro se</u> plaintiff's pleadings are liberally construed.[13]  In this case, the information required of Perez is obvious from the relatively sparse record, including from the documents and forms submitted by the government in its motion for summary judgment; the court is not unduly required to scour a voluminous record to determine the essentials of the statute.  Accordingly, we construe Perez's <u>pro se</u> complaint liberally and hold that he has met the jurisdictional requirement for bringing a quiet-title action against the government under § 2410.

---

[12] § 2410(b).

[13] <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that allegations in a <u>pro se</u> complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"). <u>See also</u> <u>SEC v. AMX, Int'l, Inc.</u>, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a <u>pro se</u> plaintiff's] allegations and briefs more permissively").

C.    The Evidentiary Status of IRS Forms 4340 and 4549

On appeal, Perez contends that it is settled precedent that the IRS forms submitted by the government—the computer-generated IRS Form 4340 (Certificates of Assessments and Payments) and the duly-executed IRS Form 4549 (Income Tax Examination Changes)—are not valid evidence of either the IRS's assessed taxes or the IRS's notice to the taxpayer of these taxes.  This assertion is spurious.

We held over a decade ago that, under the Federal Rules of Evidence, IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof.[14]  There is also substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's assessment and notice of tax arrears.[15]

As the district court explained in this case, the IRS Forms submitted by the government show that the IRS properly assessed Perez's taxes and provided sufficient notice to Perez of his federal tax liabilities.  For example, the IRS Forms 4340 reflect that the IRS assessed the taxes Perez reported on his tax returns

---

[14] McCarty v. United States, 929 F.2d 1085, 1089 (5th Cir. 1991) (holding that Form 4340 showing "notice of assessment and demand for payment" is admissible under the Federal Rules of Evidence).

[15] See, e.g., In re Orr, 180 F.3d 656, 658 (5th Cir. 1999) (discussing contents of Form 4549).  See also Hughs v. United States, 953 F.2d 531, 535-36 (9th Cir. 1992) (discussing valid evidentiary status of Form 4340 "as proof that assessments had been made"); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989) (noting that Form 23-C, precursor to Form 4340, is presumptive proof of a valid assessment); Steele v. Regan, 755 F.2d 1091, 1092-93 (4th Cir. 1985) (discussing plaintiff's signature of Form 4549); In re Barry, 48 B.R. 600, 603 (Bankr. M.D. Tenn. 1985) (discussing contents of Form 4549); Kraft v. Comm'r of Internal Revenue, 1997 WL 643365 (T.C. 1997) (discussing contents of Form 4549).

for the years 1984 through 1987, and issued delinquency notices to Perez of these tax liabilities in 1988, 1991, and 1995. Further, Perez executed an IRS Form 4549 for tax years 1983 through 1985, which provides expressly that he "consent[s] to the immediate assessment and collection of any increase in tax and penalties, . . . plus any interest as provided by law." In sum, the IRS Forms 4340 and 4549, as well as IRS Form CP-2000, evidence the IRS's proper assessment and notice of all of Perez's tax liabilities, including deficiencies.

Against this solid evidence, Perez offered the district court only unsubstantiated, self-serving allegations that he did not receive notice of his assessed federal tax liabilities. And, his legal argument that IRS Forms 4340 and 4549 are not valid evidence of assessment and notice is totally specious. At a minimum, Perez was on notice of his assessed tax liabilities and deficiencies for the years 1983 through 1985, as evidenced by his signature on Form 4549.[16] The district court properly granted summary judgment to the government on the issues of whether Perez's taxes were properly

_____

[16] Perez further argues that Form 4549 requires the explicit approval of the IRS's District Director in order for it to be effective. He derives this argument from the last line of Form 4549, which states that the taxpayer understands "that this report is subject to acceptance by the District Director." In this case, the Form 4549 was signed only by the IRS examiner. We reject Perez's contention that an IRS examiner is not a duly authorized agent of the district director capable of accepting a Form 4549. In re Barry, 48 B.R. at 603 ("A revenue agent is a delegate of the district director authorized to accept waivers. His signature is sufficient 'acceptance' of this [IRS Form 4549] waiver."). Cf. Holbrook v. United States, 284 F.2d 747 (9th Cir. 1960) (holding that it is not necessary for the IRS Commissioner to personally consent to a taxpayer waiver in order for it to be effective).

assessed and whether Perez was properly notified of these assessments.

D.   <u>Deficiency Notices</u>

Perez contends further that, regardless of whether his taxes were properly assessed, the lien on his property is procedurally defective, because, he alleges, the IRS failed to send him 30, 60, and 90-day deficiency notices.[17]  In granting summary judgment to the government, the district court determined that Perez's tax liabilities were not "deficiencies," as defined by the applicable statutes and case law; consequently, he was not entitled to these procedural safeguards.  On appeal, the government reiterates the statutory analysis by the district court on this issue.

As a general rule, the IRS may not assess or collect a taxpayer's deficiency unless it sends the requisite notices of deficiency.[18]  As defined by Internal Revenue Code ("IRC"), a "deficiency" is "the amount by which the tax imposed . . . exceeds . . . the amount shown as the tax by the taxpayer on his return . . . ."[19]   "In other words, an 'income tax deficiency' exists when a taxpayer has failed to make an adequate return of income."[20]

---

[17] <u>See</u> 26 U.S.C. §§ 6212-6213.

[18] <u>McCarty</u>, 929 F.2d at 1089.

[19] 26 U.S.C. § 6211(a).  <u>See</u> <u>Laing v. United States</u>, 423 U.S. 161, 173-74 (1976) ("In essence, a deficiency as defined in the Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. § 6211(a).").

[20] <u>Miles v. United States</u>, 1999 WL 500999, at *1 (N.D. Tex. 1999) (citing <u>Moore v. Cleveland Ry. Co.</u>, 108 F.2d 656, 659 (6th Cir. 1940)).

10

Clearly, the IRC predicates the validity of an assessment and collection of an asserted deficiency on the proper notification of the taxpayer of his <u>total</u> tax liability. In other words, the IRS must provide notices of the amount that it claims the taxpayer owes, <u>over and above the amount reported by the taxpayer on his income tax return</u>.[21] This is a cut-and-dry notice requirement—the stuff of basic procedural due process.

The district court in this case correctly interpreted and applied the requirements of the IRC to Perez's claims. It determined that

> there is no "deficiency," in the tax code sense, where a taxpayer reports on his return that he owes an amount, but simply fails to remit such amount to the IRS. In this circumstance, because there is no "deficiency," the IRS is not required to issue a notice of deficiency before placing a lien on the taxpayer's property, because, presumably, the taxpayer is already on notice as to the amount in taxes he owes to the government.[22]

Stated differently, here the IRS is not seeking to assess and collect any amount that is <u>greater</u> than what Perez had already listed on the four federal income tax returns that he filed in 1988

---

[21] <u>Murray v. Comm'r of Internal Revenue</u>, 24 F.3d 901, 903 (7th Cir. 1994) (discussing deficiency notice requirements for assessed tax deficiencies as contrasted against the collection of assessed taxes based on a taxpayer's return); <u>Meyer v. Comm'r of Internal Revenue</u>, 97 T.C. 555, 560 (T.C. 1991) (interpreting § 6213(a) as requiring "mailing of notice of deficiency" prior to "assessing or collecting a deficiency").

[22] <u>Perez v. United States</u>, 2001 WL 1836185, at *8 (W.D. Tex. 2001). <u>Accord</u> <u>Koch v. Alexander</u>, 561 F.2d 1115, 1118 (4th Cir. 1977) (holding that plaintiff-taxpayers are "not entitled to a notice of deficiency" because they owe the government only the amount listed on their tax return); <u>Miles</u>, 1999 WL 500999 at *2 (rejecting plaintiff-taxpayer's argument that he was owed deficiency notices because the "tax being imposed and collected is the tax reported by Plaintiff" in his tax returns).

11

or consented to on IRS Form 4549.[23]  Perez was on notice of his overdue tax liabilities as early as 1988, when he (1) late-filed his returns, listing the taxes he owed to the government for the years 1983 through 1987, but (2) failed to pay anything toward these amounts.  In fact, the IRS was authorized in 1988, without providing any notice, to assess and to collect the unpaid taxes that Perez is now claiming more than ten years later as requiring deficiency notices.[24]  The IRC is sometimes criticized for being obscure in its requirements of taxpayers, but in this instance it is clear beyond peradventure that Perez's long-overdue tax arrears are not "deficiencies."  He has no claim to the procedural protections mandated for that type of tax liability.

III.
CONCLUSION

The IRS properly assessed Perez's tax liabilities for the years 1983 through 1987, and, in so doing, followed the requisite

---

[23] It is long-settled precedent in this circuit that a taxpayer may waive the notice requirements of the IRC in consenting to a deficiency assessment.  Thomas v. Merchantile Nat'l Bank, 204 F.2d 943, 944 (5th Cir. 1953) (interpreting a waiver executed by a taxpayer under § 871, the precursor to § 6213, as having "waived the ninety-day notice and other procedural requirements" of the statute).  A duly executed IRS Form 4549 is a proper waiver of the deficiency notice requirements.  In re Barry, 48 B.R. at 603 (discussing IRS Form 4549 as constituting "a proper waiver of [deficiency] notice as provided in I.R.C. § 6213(d)"); Aquire v. Comm'r of Internal Revenue, 117 T.C. 324 (T.C. 2001) (granting summary judgment to the IRS on the ground that petitioners signed IRS Form 4549, waiving their right to contest their tax liabilities, and thus precluding the need to send them a deficiency notice).

[24] 26 U.S.C. § 6201(a)(1) (providing for the IRS's immediate assessment and collection of taxes listed on a taxpayer's income tax return).

procedures for validly placing a lien on Perez's property.  The district court's order granting summary judgment to the government is, in all respects,

AFFIRMED.