IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60590
Summary Calendar

_____

DEBRA L. CHASE,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Defendant - Appellee.

_____

Appeal from the Decision
of the United States Tax Court
(7206-01L)

_____

December 27, 2002

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Debra L. Chase did not file income tax returns for tax years 1995 and 1996. The Commissioner assessed income taxes for those tax years on the basis of wages reported by Chase's employer. In July 2000, the Commissioner sent Chase a notice of intent to levy to collect the assessed taxes for 1995 and 1996. Chase requested a collection due process hearing. An IRS Appeals Officer conducted the hearing in January 2001. In April 2001, the Appeals Officer issued a notice of determination sustaining the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice of intent to levy. The Appeals Officer rejected Chase's contention that she had no income from a taxable source.

Chase petitioned the Tax Court for review of the Appeals Officer's Decision. The Tax Court granted the Commissioner's motion for summary judgment and denied Chase's cross-motion for summary judgment. The Tax Court noted that Chase "never identified the alleged nontaxable source of the income, nor did she expressly deny receiving the wages in question." The Tax Court found Chase's argument that her wages did not constitute taxable income to be "frivolous and groundless."

Chase, <u>pro</u> <u>se</u>, appeals the Tax Court's decision. Chase argues that the Tax Court failed to apply the appropriate standard of review and that it erred by substituting its judgment for that of the agency and by relying on matters outside the record. She also argues that the Appeals Officer's decision was arbitrary, capricious, or otherwise not in accordance with law, because: (1) the Appeals Officer failed to obtain proper verification that the requirements of applicable law or administrative procedure had been satisfied; (2) the notice of determination issued by the Appeals Officer contains insufficient findings, reasons and analysis; and (3) the Appeals Officer refused to consider Chase's argument that she had no income from a taxable source after improperly recharacterizing that argument as being based on "political, constitutional, conscientious, or similar grounds."

2

We reject each of Chase's contentions. The Tax Court applied the appropriate summary judgment standard and did not substitute its own judgment for that of the Appeals Officer. Chase cites no authority for her contention that the Tax Court should have followed formal adjudication procedures under the Administrative Procedure Act. According to the Treasury Regulations, the formal hearing procedures required under the Administrative Procedure Act do not apply to collection due process hearings. Treas. Reg. § 301.6330-1(d)(2) Q & A D6.

The notice of determination issued by the Appeals Officer satisfied the requirements of 26 U.S.C. § 6330(c)(3) (setting forth matters to be considered at collection due process hearing). The Appeals Officer properly relied on Form 4340 ("Certificate of Assessments, Payments and Other Specified Matters") to verify that the requirements of applicable law or administrative procedure had been met. See Perez v. United States, ___ F.3d ___, ___, 2002 WL 31506590, at *3 (5th Cir. Nov. 27, 2002) ("IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof"). Chase produced no evidence raising any question about the validity of the assessments.

The notice of determination adequately addressed the matters specified by the Treasury Regulations. See Treas. Reg. § 301.6330-1(e)(3) Q & A E8. The regulations do not require formal findings of fact or detailed legal analysis. See id.

3

Finally, the Appeals Officer correctly refused to consider Chase's baseless argument that she had no income from any taxable source. As the Tax Court noted, Chase did not identify the alleged nontaxable source of income and did not deny receiving the wages upon which the assessments were based.

For the foregoing reasons, the summary judgment in favor of the Commissioner is

A F F I R M E D.