**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 02-21227

_____

DWYN LLORENCE DUPREE; ET AL.,

Plaintiffs,

DWYN LLORENCE DUPREE,

Plaintiff-Appellant,

versus

ULTRAMAR DIAMOND SHAMROCK CORP.; SAM TIOLETTE; SANDRA CONTRERAS;
UDS SERVICES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
H-02-CV-1424

_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Pro se appellant Dwyn Llorence Dupree brought claims

against Ultramar Diamond Shamrock Corp.; Sam Tiolette; Sandra

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contreras; UDS Services, Inc.[1] (collectively "UDS") under the Americans with Disabilities Act of 1990 and the Title VII of the Civil Rights Act of 1990. UDS filed a motion to compel arbitration pursuant to a signed arbitration agreement between UDS and Dupree. Dupree did not challenge the motion to compel arbitration (in fact he agreed to arbitration). The arbitrator found in favor of UDS on all of Dupree's claims. Following the arbitration, but prior to UDS's filing a motion to confirm the arbitration award, Dupree filed a motion for a jury trial and his request for trial de novo. The district court denied Dupree's motions on October 23, 2002. That same day, UDS filed a motion to confirm the arbitration award. Dupree did not file an opposition to UDS's motion and the district court entered an order confirming the arbitration award on November 13, 2002. On appeal, Dupree challenges the district court's denial of his motion for jury trial and his motion for trial de novo. Finding no error, we affirm.

Dupree makes three arguments as to why the district court erred in denying his motion for jury trial and trial de novo: (1) arbitration of his Title VII and ADA claims violates his right to

---

[1]Ultramar Diamond Shamrock Corporation is a misnomer for UDS Services, Inc. Contreras was never properly served with the complaint. Tiolette was served with the complaint and testified at the arbitration. Tiolette never answered the complaint. Dupree's complaint, however, even most liberally construed, has not sought any relief against Tiolette. Perez v. United States, 312 F.3d 191, 194-95 (5th Cir. 2002) (construing a pro se plaintiff's pleadings liberally).

2

a jury trial, (2) he is entitled a new trial under 28 U.S.C. § 657 (2000), and (3) the arbitrator was wrong in finding in favor of UDS and the award was tainted by misconduct. Each of these arguments is without merit.

As a condition of his employment with UDS, Dupree executed an arbitration agreement with UDS that covers his Title VII and ADA claims. This court has previously held that arbitration provisions between employers and employees are enforceable under the Federal Arbitration Act. Miller v. Pub. Storage Mgmt., Inc., 121 F.3d 215, 218 (5th Cir. 1997). Furthermore, we have held that claims under Title VII and the ADA are arbitrable. Id. (ADA claims); Rojas v. TK Communications, Inc., 87 F.3d 745, 747 (5th Cir. 1996) (Title VII claims). Additionally, when parties resolve a dispute pursuant to a valid arbitration agreement, they waive their right to a judicial forum and a jury trial. Am. Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 711 (5th Cir. 2002), cert. denied, 123 S. Ct. 871 (2003).

Furthermore, Dupree's argument that he is entitled to a trial de novo under 28 U.S.C. § 657 is meritless. Section 657 applies only to arbitrations conducted as part of a court-administrated alternative dispute resolution program authorized under Chapter 44 of Title 28 (28 U.S.C. §§ 651-657). 28 U.S.C. § 657 (2000). It does not apply to arbitrations conducted, like that

3

in the instant case, pursuant to the Federal Arbitration Act.  28 U.S.C. § 651(e) (2000).

Finally, Dupree challenges the fairness of the arbitration proceeding.  "Because a party who has not agreed to arbitrate normally has a right to seek a court's decision on the merits of his or her dispute with another person, the party's agreement to arbitrate that matter under the FAA is a relinquishment of much of that right's practical value." <u>Williams v. CIGNA Fin. Advisors Inc.</u>, 197 F.3d 752, 757 (5th Cir. 1999).  A party can still ask a court to review the arbitrator's decision, but the court will set aside that decision only in the very unusual circumstances where an award is procured by fraud, undue means, or corruption, or is in manifest disregard of the law.  <u>Id.</u>  Dupree claims that the arbitrator's decision is flawed for all of these reasons.  Dupree's arguments are based solely upon allegation and conjecture.  There is nothing in the record to support any of Dupree's claims.  Thus, finding no error in the district court's decision we AFFIRM.

**AFFIRMED.**