United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30917
Summary Calendar
_____

VERA M. GUILLORY,

Plaintiff-Appellant,

versus

SOUTHWEST LOUISIANA LEGAL SERVICES SOCIETY, INC; et al,

Defendants,

SOUTHWEST LOUISIANA LEGAL SERVICES SOCIETY, INC, et al,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District Of Louisiana
USDC No. 01-cv-2125
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Vera Guillory brought suit against her former employer, defendant-appellee Southwest Louisiana Legal Services Society, Inc., et al ("SWLLS"), alleging violations of both federal and Louisiana anti-discrimination law relating to her dismissal from SWLLS. The defendants moved for summary judgment, which the district court granted, dismissing all of plaintiff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims with prejudice. Plaintiff appeals only one aspect of the district court decision: the dismissal of her claim of retaliatory discharge under the Louisiana Employment Discrimination Law, LAS, R.S. 23:301 *et seq.*. Specifically, plaintiff contends that the district court erred in dismissing her claim that she was impermissibly fired for refusing to settle an EEOC complaint that she had lodged against SWLLS.

This court reviews the district court's grant of summary judgment *de novo*. *Perez v. United States*, 312 F.3d 191, 193 (5th Cir. 2002). Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The district court properly granted summary judgment in this case. First, plaintiff's claim against defendants was premature under the Louisiana Employment Discrimination Law. Plaintiff was required to provide defendants with thirty days written notice of her intention to bring the retaliatory discharge claim under Louisiana Law. *See* LSA-R.S. 23:303(C). She did not provide defendants with this notice, and her claim, therefore, is procedurally faulted.

Second, the district court properly held that plaintiff's claim fails on its merits. Plaintiff worked for SWLLS for twenty four years. She developed serious kidney problems and took sick leave from work on May 8, 2000. During her sick leave, SWLLS paid plaintiff her regular salary, a full year's Christmas bonus,

accumulated leave that she never earned and benefits for the eight months in which she performed no services for them.  She was also offered the opportunity to work from home for part of the week, but was unable to do so. During this time, plaintiff filed a complaint with the EEOC claiming that she was being discriminated against because of her illness.  She was ultimately terminated after attempts to work out a severance agreement and find accommodations for her failed.

The plaintiff claims that she was terminated in retaliation for bringing the EEOC complaint against defendant.  The record demonstrates, however, that, far from terminating her in retaliation for bringing the complaint, SWLLS worked with plaintiff to accommodate her disability and attempt to provide her with an equitable retirement package.  SWLLS provided plaintiff with month's worth of benefits and salary that it was not obligated to provide. All plaintiff has shown is that SWLLS *knew* of her EEOC complaint when it discussed a severance package for her.  She provides no evidence, direct or indirect, of improper motivation.

Under these facts, the district court properly held that plaintiff's claim of retaliatory discharge under the Louisiana Employment Discrimination Law should fail as a matter of law. AFFIRMED.