United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-51461
Summary Calendar

WESLEY N. LAING,

Plaintiff-Appellant,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

( 03-CV-347 )

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Wesley Laing filed suit against the United States to
challenge the Government's filing of a federal tax lien against him
for delinquent trust fund recovery penalty assessments. Laing does
not dispute the validity of the underlying tax liabilities, but
rather argues he never received a first notice of assessment and

_____

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

demand for payment within 60 days as prescribed by 26 U.S.C. § 6303(a). This alleged notice failure, according to Laing, precludes the Government's ability to exercise its administrative collection remedies. The Government filed a motion for summary judgment, which was granted by the district court.

This Court has previously determined that Internal Revenue Service ("IRS") Forms 4340 (Certificate of Assessments, Payments, and Other Specified Matters), copies of which were submitted by the Government as part of its summary judgment evidence, are "valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002) (citing McCarty v. United States, 929 F.2d 1085, 1089 (5th Cir. 1991) (observing that Forms 4340 "indicat[e] that [taxpayer] had received notice of the assessment and demand for payment")). Moreover, whether Laing received notice is not material to whether the IRS sent the notices. Jones v. Cmm'r, 338 F.3d 463, 467 (5th Cir. 2003). As the district court observed, Laing's evidence that he did not receive such notice is limited to an affidavit submitted by his accountant, which the district court disregarded as being "based on hearsay and not upon any personal knowledge." The district court determined that, without more, Laing did not come forward with any competent summary judgment evidence establishing that notice of assessment was not properly provided.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing, we find

2

no reversible error in the district court's order. We therefore AFFIRM the final judgment of the district court for the reasons stated in its order.

**AFFIRMED.**