United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30968
Summary Calendar

MICHAEL HOUSTON; STEVE HOUSTON,

Plaintiffs-Appellants,

v.

EL PASO PRODUCTION CO.

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(5:05-CV-00033-TS-MLH)

Before KING, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellants, Michael and Steve Houston ("the Houstons"), proceeding pro se, sued defendant-appellee El Paso Production Company ("El Paso") for rent and royalties under a mineral lease in which their deceased father, Mack Houston, had an interest. El Paso filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). After reviewing the briefs and the record, we affirm the dismissal for the reasons stated in the

---

[*] Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's judgment and the magistrate judge's report and recommendation.

We note, however, that the district court did not specify whether the dismissal was with or without prejudice. Under such circumstances, the presumption is that the dismissal was <u>with</u> prejudice.[2] Moreover, the Houstons filed a post-judgment motion which we construe as a Rule 59(e) motion to alter or amend the judgment. In that motion, the Houstons requested, <u>inter alia</u>, an amendment to reflect that the judgment was <u>without</u> prejudice so that they could later re-file if necessary after complying with the lease. The court denied the motion without discussion. Although these two circumstances compel us to presume that the dismissal was with prejudice, the language of the judgment permits the intrusion of some doubt by indicating that the district court may have expected the Houstons to later re-file their claim. Specifically, the court stated:

> Because of the status of Louisiana succession law at the time of Mack Houston's death in 1994, it appears that the plaintiffs likely qualify as forced heirs as their claim suggests. However, it is clear to the court that any claims the plaintiffs have as forced heirs cannot be enforced until the proper steps have been taken in the succession process. Accordingly, for these

---

[2] <u>See</u> Fed. R. Civ. P. 41(b) (providing that, with limited exceptions, all dismissals function as adjudications upon the merits); <u>Callip v. Harris County Child Welfare Dept.</u>, 757 F.2d 1513, 1519 (5th Cir. 1985) (observing that an involuntary order of dismissal is with prejudice unless specifically designated otherwise); <u>Tuley v. Heyd</u>, 482 F.2d 590, 594 n. 2 (5th Cir. 1973) ("An involuntary dismissal must be considered to be with prejudice unless the district court specifies that its order is entered without prejudice.").

reasons, as well as for the reasons [stated by] the Magistrate Judge... the motion to dismiss is GRANTED.

The Houstons contend that it was error for the district court to deny their motion to amend the judgment to reflect that it was without prejudice.[3] We review Rule 59(e) motions for abuse of discretion.[4] Unlike the district court's reasons for denying the rest of the Houstons' requests in their motion to amend, the court's reasons for its decision to deny their request to amend the judgment to reflect that it be without prejudice are not apparent from the record. Therefore, we cannot properly review the district court's exercise of its discretion to deny the motion on this particular issue. Accordingly, we remand to the district court for the limited purpose of clarifying whether the dismissal was, in fact, with prejudice, and, if so, specifying the reasons for disposing of the action with prejudice.

AFFIRMED in part; REMANDED in part.

---

[3]Although the Houstons did not artfully raise the issue on appeal, it is our practice to construe pro se briefs liberally. Perez v. United States, 312 F.3d 191, 194-95 (5th Cir. 2002).

[4]Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005).