# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-40837
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, Department of Justice,

Plaintiff - Appellee

v.

GORDON RAMZAN NIAMATALI,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-cv-108

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The United States filed suit against Gordon Niamatali to recover unpaid taxes. After a bench trial, Niamatali was ordered to pay substantial sums. On appeal, he challenges the precise calculation of his income tax liability, penalties, and additions. We AFFIRM the judgment except as to one of the penalties. We VACATE the judgment for a recalculation of a specific penalty in light of the Government's admission of error regarding it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40837

In 2000 and 2001, Niamatali was a practicing anesthesiologist working as an independent contractor and also as an employee in McAllen, Texas. After Niamatali failed to file federal income tax returns in both years, the Internal Revenue Service prepared substitute tax returns on his behalf.

Over the ensuing years, the IRS issued a statutory notice of deficiency and sent Niamatali several notices related to the deficiency and its intent to levy. In 2004, the IRS issued a Form 4340 for each tax year, assessing the liabilities, additions, and interests. The IRS also recorded a notice of federal tax lien with the county clerk in Hidalgo County, Texas. Subsequently, Niamatali filed tax returns for the tax years of 2000 and 2001. He reported no tax liability, attaching a brief to the 2000 tax return explaining his position. Through a levy, the IRS obtained a portion of the balance due from Niamatali.

On May 8, 2007, the United States brought suit in federal district court seeking to reduce to judgment the federal income tax assessments against Niamatali and to foreclose the federal tax liens against two parcels of his property. During a two-day bench trial, Niamatali advanced several tax protestor arguments and also challenged the calculation of taxes, penalties, and additions imposed. Both Niamatali and the Government offered witnesses testifying to the amount Niamatali owed the Government.

The court ruled for the Government. It entered a judgment establishing Niamatali's tax liabilities, penalties, and additions, and authorizing the Government to foreclose on the federal tax liens against his property.

Proceeding *pro se* on appeal, Niamatali argues that the district court erred in ordering statutory penalties and in accepting the Government's assessment and accounting of payments due instead of his accounting.

On appeal after a bench trial, we review findings of fact for clear error and legal conclusions *de novo*. *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009). "A factual finding is not clearly erroneous as long as it is plausible

2

in the light of the record read as a whole." *Id.* (citation and quotation marks omitted).

Tax assessments by the IRS are presumed correct; the taxpayer bears the burden of overcoming that presumption by a preponderance of the evidence. *United States v. Lochamy*, 724 F.2d 494, 497-98 (5th Cir. 1984). The Government supported its assessments for 2000 and 2001 with Forms 4340. "IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (citation omitted). The Government also offered a transcript of information reported to the IRS by third parties. At trial, an IRS compliance officer and an IRS reports analyst testified. Niamatali testified on his own behalf and introduced as a witness the tax consultant who prepared his tax returns.

Upon review of the testimony, we conclude it was not clearly erroneous for the court to reject Niamatali's calculations. Niamatali's conclusional assertions do not overcome the presumption of correctness to which the IRS's assessments are entitled.

Moreover, we are not convinced by Niamatali's contention that the Form 4340 was insufficient because the Government did not produce a Form 23C assessment certificate. The Form 4340 provided Niamatali with the information required. *See* Treas. Reg. § 301.6203-1.

On appeal, the Government concedes error in its assessing the failure-to-pay penalty under I.R.C. § 6651(a)(2).

We AFFIRM the judgment in all respects except for the assessment of the Section 6651(a)(2) penalty as to each tax year. As to that penalty, we VACATE and REMAND to the district court for further proceedings.