# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2011

No. 10-41164

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLIE O. BURNETT, III, as next friend to his minor children, C.O.B. IV, C.B., E.B., and C.B., Beneficiaries of the Lemmawayne Burnette Testamentary Trust,

Defendant-Appellant

_____

CHARLIE O. BURNETT, III, as next friend to his minor children, C.O.B. IV, C.B., E.B., and C.B., Beneficiaries of the Lemmawayne Burnette Testamentary Trust,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 2:09-CV-286; 2:09-CV-305

No. 10-41164

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charlie O. Burnett, III ("Burnett") appeals the district court's holdings that (1) the Internal Revenue Service established valid tax assessments against him totaling $621,623.87, including penalties and interest; (2) the government may levy on Burnett's property on Holly Road in Corpus Christi, Texas (the "Holly Road Property"); and (3) the government's levy on Burnett's property on Austin Street in Corpus Christi (the "Austin Street Property") was not wrongful.

First, the district court correctly ruled that the United States introduced sufficient evidence of Burnett's tax indebtedness by producing the relevant Certificates of Assessments and Payments (Form 4340).[1]  Next, although Burnett contends that he has no ownership interest in the Holly Road and Austin Street Properties and that those properties are owned by Investment Services, which he characterizes as a trust of which his children are the beneficiaries, the district court correctly ruled that Burnett is the owner of the Holly Road and Austin Street Properties, as Investment Services is merely his nominee.[2]  Relevant factors in this determination include the inadequate consideration paid by Investment Services, Burnett's control over the properties in anticipation of suit by the government, the close relationship between Burnett

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002); *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992).

[2] *See Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 n.1 (5th Cir. 2000) (listing factors considered in determining nominee status).

No. 10-41164

and Investment Services, and Burnett's possession and enjoyment of the properties.

Further, Burnett's contention that the district court improperly considered evidence gathered by the government after the levy of the Austin Street Property is meritless because (1) the government had sufficient "cause" to levy that property at the time it did so,[3] and (2) the government properly gathered additional evidence after the levy.[4] Lastly, the district court did not abuse its discretion by (1) permitting the government to supplement its motion for summary judgment after the deadline for dispositive motions and (2) denying Burnett's motion for an extension of his time in which to respond. Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

---

[3] *See id.* at 286 ("cause" required at time of levy).

[4] *See id.* at 283 (government must produce substantial evidence of nexus between property and taxpayer "after an opportunity to fully develop the factual record").