# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10258

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

LARRY CECIL CABELKA,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-126

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

The United States filed suit in district court to reduce to judgment federal income tax assessments owed by Larry Cecil Cabelka for tax years 1997–2003 and 2005–2009. The district court granted summary judgment in favor of the United States, ordering Cabelka to pay $26,400,532.02, plus statutory interest, to the Internal Revenue Service as assessed. Cabelka appeals the judgment of the district court. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10258

I.

On October 19, 2016, the United States filed a civil action against Defendant-Appellant Larry Cabelka to reduce to judgment over $25.6 million in unpaid federal income taxes, penalties, and interest for tax years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2005, 2006, 2007, 2008, and 2009.[1] The assessments were based upon substitutes for returns prepared by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6020(b), due to the failure of Cabelka to prepare and file his own federal income tax returns (Forms 1040).[2] The United States further alleged that Cabelka failed, neglected, or refused to fully pay his income tax liabilities, despite receiving proper notice and demands for payment. Cabelka, proceeding pro se, answered the complaint, denying liability and asserting claims against his ex-wife, Rebecca Thorp; his son, Jared Cabelka; his son's wife, Bonnie Cabelka; his son's ex-wife, Amanda Slate; and business associates, Kent Price, Price Farms, LLC, Chad Logsdon, Billy Logsdon, and Logsdon Farms, Inc.

The district court ultimately dismissed Cabelka's claims against the aforementioned parties—with the exception of his claim against his ex-wife, Rebecca Thorp (Thorp)[3]—reasoning, in part, that the United States's suit is based on Cabelka's individual liability for his failure to file income tax returns,

---

[1] Tax year 2004 is not at issue in this case. IRS Officer Rice testified that Cabelka earned taxable income in 2004 but did not file a tax return. However, no assessment has been prepared for 2004.

[2] The Commissioner is required only to prepare the substitute returns "from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. § 6020(b). "Moreover, the Commissioner may use indirect methods to reconstruct the income of a taxpayer who fails to maintain or produce records adequate to allow his correct tax liability to be determined." *Gunkle v. Comm'r*, 753 F.3d 502, 508 (5th Cir. 2014).

[3] Cabelka was married to Rebecca Thorp from December 1969 until their divorce on October 19, 2001.

No. 18-10258

a personal and nondelegable duty. The court later granted summary judgment in favor of third-party defendant Thorp.[4]

On August 14, 2017, the Government moved for summary judgment, requesting that the district court enter an order reducing to judgment the federal income tax liability owed by Cabelka.[5] The magistrate judge (MJ) recommended that the Government's motion be granted, and that the court reduce to judgment federal income tax liability of Cabelka for tax years 1997–2003 and 2005–2009 as assessed. Cabelka objected to the MJ's findings, conclusions, and recommendation, alleging that the Government failed to mail notice and arguing that there remain material disputes of fact over the validity of the Government's tax assessments.

On January 29, 2018, the court entered an order overruling Cabelka's objections and accepting the MJ's findings, conclusions, and recommendation. The district court entered an amended judgment on January 30, 2018, specifying Cabelka's tax liability for each year at issue, totaling $26,400,532.02, plus statutory interest.

Cabelka timely appealed. On appeal, Cabelka—now represented by counsel—claims that the United States "grossly overstated the amount" of his income tax liability. Cabelka asserts that the district court erred by disregarding evidence he introduced to contradict the contentions of the United States, which he asserts should have precluded summary judgment. On appeal, Cabelka challenges the timeliness of the Government's lawsuit to reduce the tax assessments to judgment, disputes that the IRS mailed the requisite notices of deficiency for tax years 2005–2009, and challenges the district court's acceptance of the Commissioner's assessments.

---

[4] Cabelka did not file an objection to the magistrate judge's recommendation to grant summary judgment in favor of Thorp.

[5] The Government filed 48 exhibits in support of its motion for summary judgment.

No. 18-10258

## II.

We review a summary judgment de novo, applying the same legal standard as the district court. *McClendon v. United States*, 892 F.3d 775, 780–81 (5th Cir. 2018). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(a)). All reasonable inferences must be drawn in favor of the nonmovant, but the nonmoving party "cannot satisfy his summary judgment burden with conclus[ory] allegations, unsubstantiated assertions, or only a scintilla of evidence." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "In determining whether there is a dispute as to any material fact, we consider all of the evidence in the record, but we do not make credibility determinations or weigh evidence." *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003).

Pleadings filed by pro se litigants are "liberally construed" and reviewed less stringently than those drafted by attorneys. *Perez*, 312 F.3d at 194–95 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se party's] allegations and briefs more permissively"). Nevertheless, pro se litigants must submit competent evidence to avoid summary judgment. *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015).

## III.

Our analysis begins with the basic principle that Cabelka—an individual having gross income which undeniably exceeds the threshold amount for each taxable year at issue—is required by law to file federal income tax returns. *See* 26 U.S.C. §§ 6011, 6012, 6017. Additionally, taxpayers must maintain adequate records which enable the determination of the correct tax liability. *Webb v. Comm'r*, 394 F.2d 366, 371 (5th Cir. 1968); 26 U.S.C. § 6001. A

4

No. 18-10258

taxpayer's duty to timely file a return and pay tax is personal and nondelegable. *See United States v. Boyle*, 469 U.S. 241, 247 (1985).

Cabelka, a self-employed farmer and businessman, admittedly has not filed federal income tax returns since 1990. Specifically, there is no record evidence that Cabelka filed returns or paid income taxes for tax years 1997–2003 and 2005–2009, despite earning taxable income for those years. Although the IRS sent notice of its audit, Cabelka failed to cooperate with the IRS and never produced records to assist in the IRS's determination of his income tax liability. Further, Cabelka did not petition the United States Tax Court for redetermination of the assessed deficiencies within the 90 days provided nor has he attempted to voluntarily pay his outstanding tax liabilities.

We have reviewed the briefs, pertinent parts of the record, and the applicable law and have heard the arguments of counsel. We are unconvinced that the district court erred in this case. Contrary to Cabelka's argument on appeal, the Government's October 19, 2016 lawsuit was timely filed within ten years of the date of the earliest assessment. 26 U.S.C. § 6502(a)(1); *see also Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000); *United States v. McCallum*, 970 F.2d 66, 68 n.1 (5th Cir. 1992).

The district court correctly ruled that the United States established proper mailing of the notices of deficiency. *See Keado v. United States*, 853 F.2d 1209, 1211–12 (5th Cir. 1988). Cabelka's denial of receipt of the notices is not evidence to the contrary. *See United States v. McCallum*, 20 F.3d 466 (5th Cir. 1994) ("The dispositive issue is whether the notice [of deficiency] was *sent* not *received*. . . . [E]vidence that Defendant did not receive the notice of deficiency does not create an issue of fact regarding whether the notice was duly sent.").

It is well established that an IRS's assessment of unpaid taxes is entitled to a legal presumption of correctness, *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002), which includes the IRS's determination of taxable income.

5

No. 18-10258

*Webb*, 394 F.2d at 372. Additionally, the United States's production of the Certificates of Assessments and Payments (Forms 4340) "constitute[d] valid evidence of [Cabelka's] assessed liabilities and the IRS's notice thereof."[6] *Perez*, 312 F.3d at 195; *accord United States v. Burnett*, 452 F. App'x 569, 570 (5th Cir. 2011) ("[T]he district court correctly ruled that the United States introduced sufficient evidence of [taxpayer's] indebtedness by producing the relevant Certificates of Assessments and Payments (Form 4340)."); *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989) (Form 4340 is "presumptive proof of a valid assessment.").

Upon review, we conclude that Cabelka failed to carry his burden to show that the Commissioner's income tax assessments were erroneous, and thus he did not rebut the attendant legal presumption of validity. *See Gunkle v. Comm'r*, 753 F.3d 502, 507 (5th Cir. 2014); *Marcello v. Comm'r*, 380 F.2d 509, 511 (5th Cir. 1967); *Burnett v. Comm'r*, 67 F. App'x 248 (5th Cir. 2003); *see also Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1977); *United States v. Rohner*, 634 F. App'x 495, 499–502 (6th Cir. 2015); *United States v. Melot*, 562 F. App'x 646, 652 (10th Cir. 2014) (citing *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991)). Cabelka's unsupported claims that he is not liable for the assessed taxes lack merit.

AFFIRMED.

---

[6] In addition to Forms 4340, the Government produced further evidence to establish the validity of its assessments including Forms 1099; deposition testimony from the IRS agent who conducted the bank deposit analysis; deposition testimony from the IRS officer who attempted to collect the tax liabilities identifying numerous expensive assets purchased by Cabelka during the relevant time, detailed in an IRS asset transcript; audit documentary evidence, including explanation of adjustment forms; and deposition testimony from Cabelka's family regarding his lifestyle, the scope of his businesses, his income, and attempts to hide his income and assets.