# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50288
_____

In the Matter of Salubrio, L.L.C.,

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

*Debtor*,

Douglas K. Smith, Creditor,

*Appellant*,

*versus*

Eric Terry, *Trustee*,

*Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1437

_____

Before Smith, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Dr. Douglas Smith sought to prevent Eric Terry, a Chapter 7 bankruptcy trustee, from liquidating certain medical accounts receivable held in a bankruptcy estate. For years, Dr. Smith has claimed that the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

accounts are his personal property. Despite his tenacious advocacy, however, Dr. Smith has yet to find success in any legal forum. Indeed, the bankruptcy court has routinely overruled his objections and dismissed several of his lawsuits. For our part, we have affirmed two of those dismissals on appeal. *See, e.g.*, *In re Smith*, No. 22-50999, 2023 WL 4992835, at *1 (5th Cir. Aug. 4, 2023); *In re Salubrio, L.L.C.*, No. 22-50453, 2023 WL 3143686, at *4 (5th Cir. Apr. 28, 2023). In this most recent attempt to stymie the trustee's liquidation efforts, Dr. Smith filed an adversary proceeding, asserting fraudulent conveyance claims under the Bankruptcy Code and Texas law. He specifically alleged that Mr. Terry was not receiving full value when recovering payments from unpaid medical bills. According to Dr. Smith, these bill reductions represented "gifts" from the bankruptcy estate "without any equitable value return." To remedy that perceived inequity, Dr. Smith sought an injunction to prevent the trustee from taking further action.

In response to those allegations, Mr. Terry moved to enforce the automatic stay, dismiss Dr. Smith's proceeding, hold Dr. Smith in contempt, and enjoin Dr. Smith from filing further litigation without court approval. The bankruptcy court found these arguments convincing; it agreed that the adversary proceeding violated the automatic stay because Dr. Smith sought "to appropriate or enforce rights which are owned by the Trustee as the representative of the bankruptcy estate." And because Dr. Smith "lacked standing to pursue [the fraudulent conveyance] causes of action," the bankruptcy court granted Mr. Terry's motion and dismissed Dr. Smith's complaint. Although the court did not sanction Dr. Smith for the stay violation, it issued a "gatekeeper order." The order required court approval before Dr. Smith could file any future litigation against the individuals and entities involved in the main bankruptcy proceeding. Dissatisfied, Dr. Smith

appealed to the district court. But again, he was unsuccessful: The district court affirmed the bankruptcy ruling in all respects.

Dr. Smith now seeks additional review from this court. In this second appeal, Dr. Smith does not dispute whether his complaint raises allegations under 11 U.S.C. § 548 or the Texas Uniform Fraudulent Transfer Act, *see* Tex. Bus. & Comm. Code § 24.001. Nor does Dr. Smith claim that he has the authority to raise such allegations against the trustee. That is perhaps for good reason, for both legal claims exclusively belong to the debtor's estate, and only the Chapter 7 trustee has standing to pursue them. *See* 11 U.S.C. § 548(a)(1) ("The *trustee* may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor." (emphasis added)); *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) ("An action under the Fraudulent Transfers Act is essentially one for property that properly belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of the reach of creditors.").

What Dr. Smith requests instead is that we overlook the express language in his complaint and interpret his adversary proceeding as one pursuing different relief altogether.[1] In Dr. Smith's telling, he owns the medical accounts tied up in the estate, and he filed this action to determine his property rights. Even if true, however, Dr. Smith is judicially estopped from claiming ownership of the accounts. Indeed, the district court said as much two years ago when addressing an appeal of another adversary proceeding filed by Dr. Smith. In affirming the bankruptcy ruling there, the district court was unequivocal: "Dr. Smith is judicially estopped from

---

[1] Although Dr. Smith also argues that an adversary proceeding does not violate the automatic stay, he raises that claim for the first time on appeal. Consequently, we will not address it. *See Ray v. Comm'r of Internal Revenue*, 13 F.4th 467, 476 (5th Cir. 2021) ("An argument not raised before the trial court cannot be raised for the first time on appeal.").

claiming that the accounts receivable at issue in his Complaint are his personal property, and not the property of the bankruptcy estate." *In re Smith*, No. 21-CV-1135-XR, 2022 WL 16825195, at *4 (W.D. Tex. Nov. 2, 2022), *aff'd*, *In re Smith*, 2023 WL 4992835 at *1 (per curiam). In so holding, the court reasoned that Dr. Smith previously listed the medical accounts as the debtor's property under penalty of perjury. So his position that he, rather than the debtor, now owned such property was "clearly inconsistent" with his prior representations. The same logic applies here to bar Dr. Smith's ownership claims to the extent he raises them. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

Without the authority to raise his fraudulent transfer or ownership allegations, Dr. Smith is unable to pursue this adversary proceeding, and this court will not address the merits of his claims. While it is true that pro se "pleadings are . . . construed liberally," *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)), no degree of judicial leniency could conjure up a viable legal claim in Dr. Smith's complaint. We affirm the dismissal on this basis alone.

Finally, we turn to the gatekeeping order. On appeal, Dr. Smith characterizes it as an improper injunction, arguing that it was an "extreme measure[]" of punishment handed down without proper procedure. Although the order was requested by motion, Dr. Smith said the district court erred in issuing it without mandating a separate adversary proceeding. Dr. Smith's argument is likely waived.[2] Even if it was not, his contention is

---

[2] Indeed, Smith did not make this specific procedural argument before the bankruptcy court or district court on his first appeal. He argued instead that the gatekeeping order was too broad. But Dr. Smith did not address that allegation in his briefing before this court, so he forfeits it. *See Vernon Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (a party forfeits an argument on appeal by "failing to cite the provisions at issue

meritless. The Code grants bankruptcy courts significant discretionary power to manage their docket. *See* 11 U.S.C. § 105 (giving bankruptcy courts the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out" the Code's provisions). And in exercising such authority, it is well established that "bankruptcy courts can perform a gatekeeping function." *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022).

Considering that Dr. Smith continues to file procedurally improper and frivolous filings, the gatekeeping order here is an appropriate exercise of the bankruptcy court's inherent power to interpret and enforce its orders. *See* 11 U.S.C. § 105. To be clear, the order here does not permanently enjoin litigation; it simply requires Dr. Smith to seek leave before bringing claims against the trustee, trustee's counsel, and other named parties. For these reasons and those above, we AFFIRM.

––––––––––––––––––––––––––––––

in the opening brief and 'explain why the [district] court was wrong about what those provisions permit'" (quoting *SEC v. Hallam*, 42 F.4th 316, 326–27 (5th Cir. 2022)).